Argued February 24, writ allowed March 27, rehearing denied June 12, 1928. Motion to recall mandate overruled September 25, 1928.

## STATE EX REL. KAHN *v*. GEORGE TAZWELL, JUDGE.

### (266 Pac. 238.)

**Statutes—Matters Embraced in Act Need not be Mentioned in Title, if Reasonably Connected With, and Germane to, Subject Expressed Therein (Const., Art. IV, § 20).**

1. It is not essential that all the matters or items embraced in an act should be mentioned in the title, provided provisions of act are reasonably connected with, and germane to, the subject expressed in the title, under Constitution, Article IV, Section 20.

**Insurance — Foreign Insurance Company, by Complying With Act Which Requires Appointment of Nonresident Agent, Assumes Duties Thereby Imposed, as Well as Accepting Privileges Thereunder (Or. L., § 6327).**

2. Foreign insurance company, by complying with Section 6327, Or. L., consents to all terms of statute, which requires appointment of nonresident agent to accept service, and assumes duties and liabilities thereby imposed, as well as accepting privileges and benefits thereof.

**Statutes—Subject of Provision Requiring Foreign Insurance Companies to Appoint Nonresident Agents Held Sufficiently Expressed in Title Relating to Regulation of Insurance (Or. L., § 6327; Const., Art. IV, § 20).**

3. Provision of Section 6327, Or. L., requiring foreign insurance companies to appoint nonresident agents to accept service, *held*

---

1. Sufficiency of title of statute, see note in 64 **Am. St. Rep.** 70. See, also, 25 **R. C. L.** 855.

3. Validity of statute requiring appointment of resident agent for service of process, see note in 6 **Ann. Cas.** 42. See, also, 12 **R. C. L.** 58.

germane to subject of Insurance Act (Laws 1917, p. 312), entitled, "An act to provide for the regulation and supervision of insurance," in which that provision appears as Section 3a (page 317); title of act being sufficient under Constitution, Article 4, Section 20.

**Corporations—Foreign Corporation Impliedly Consents to be Sued at Place Where It Prosecutes Its Corporate Affairs.**

4. Corporation, which goes into a foreign jurisdiction and prosecutes its corporate affairs there impliedly consents to be sued in that jurisdiction.

**Corporations—That Cause of Action Arose Elsewhere Does not Prevent Effective Service of Process on Agent of Foreign Corporation.**

5. Mere fact that cause of action arose or transaction occurred beyond territorial limits of state does not prevent effective service of process upon agent of foreign corporation therein, if conditions of service are otherwise satisfied.

**Corporations — Jurisdiction Over Foreign Corporation may be Acquired by Service on Duly Authorized Agent Within State Under Statutes Providing for Such Service.**

6. Where foreign corporation is doing business in a state to such an extent as to render it subject to jurisdiction of its courts, it is necessary and sufficient to the exercise of jurisdiction by particular court in an *in personam* suit that the laws of the state provide for service of process on corporation, and service may be on duly authorized officer or agent under statutes providing for such service.

**Corporations—Jurisdiction of Particular Suit Against Foreign Corporation Doing Business in State Does not Fail Because Cause of Action Sued on has No Relation to Such Business.**

7. Where a corporation is doing business in state sufficient to render it subject to jurisdiction of courts, jurisdiction of particular suit does not fail because cause of action has no relation in its origin to such business.

**Insurance—Service of Process on Local Agent, in Suit by Nonresident on Contract of Insurance Executed Outside State, Held to Give Court Jurisdiction Over Foreign Insurance Corporation Sued as Defendant (Or. L., § 6327).**

8. Court obtained jurisdiction in action against foreign insurance corporation by service of process on local agent appointed under Section 6327, Or. L., though contract of insurance sued on was exe-

---

4. The liability of foreign corporations to suit, see note in 70 L. R. A. 523.

5. Service of process upon actual agent of foreign corporation in action based on transaction outside of state, see note in 30 A. L. R. 255.

8. Suit against foreign corporation in domestic forum by nonresident, see note in 2 Ann. Cas. 210. See, also, 12 R. C. L. 116. Right to serve process on public officer or designated agent of foreign corporation in action arising out of transaction in another state, see note in Ann. Cas. 1918A, 392.

cuted outside state, and plaintiff himself was nonresident, in view of Sections 6329, 6908.

**Contracts—Jurisdiction of Courts cannot be Diminished or Increased by Parties' Consent.**

9. Law prescribes jurisdiction of courts, and jurisdiction cannot be diminished or increased by convention of parties.

**Contracts — Stipulation Limiting Suits on Policy to Courts of Karlsruhe Held Void (Or. L., § 6327).**

10. Circuit Court of State of Oregon, under Section 6327, Or. L., had jurisdiction to enforce foreign contract of insurance, notwithstanding provision of contract that only the courts of Karlsruhe were competent for its fulfillment, since jurisdiction of courts is determined by law, and stipulation limiting jurisdiction was void and contrary to public policy.

**Courts—Courts of One State will Enforce Rights Arising in Other States in Suits by Nonresidents, Unless Contrary to Its Laws or Public Policy.**

11. Under principles of comity, courts of one state will enforce rights arising in another state, unless contrary to the laws or public policy of the state in which enforcement is sought, and suits will be entertained by citizens of other states.

**Insurance—Alleged Depletion of Deposit of Foreign Insurance Company Held No Defense to Action on Insurance Policy Executed Elsewhere, Where Corporation Qualified by Statement of Capital Without Making Deposit (Or. L., § 6328, subd. 3).**

12. Where foreign insurance company, qualified to do business in state by statement of paid-up capital and surplus under Section 6328, subdivision 3, Or. L., without making deposit, it was no defense to action by nonresident on policy of insurance executed elsewhere that such suits would deplete the company's deposit.

Contracts, 13 **C. J.**, p. 455, n. 3.
Corporations, 14a **C. J.**, p. 1382, n. 60, p. 1383, n. 78, p. 1384, n. 91, p. 1407, n. 92.
Courts, 15 **C. J.**, p. 1182, n. 57.
Statutes, 36 Cyc., p. 1028, n. 24, p. 1029, n. 25.
Venue, 40 Cyc., p. 36, n. 47.

Original proceeding in *mandamus*.

This is an original proceeding in *mandamus*, to require the defendant, Honorable GEORGE TAZWELL,

9. See 7 R. C. L. 1038.
10. Ouster of jurisdiction of courts by arbitrary agreement, see note in 47 L. R. A. (N. S.) 348. See, also, 7 R. C. L. 1046.
11. Jurisdiction of courts over foreign corporations, see notes in 85 Am. St. Rep. 905; 89 Am. St. Rep. 654. See, also, 12 R. C. L. 115. *Locus* of cause or subject of action as affecting jurisdiction of action by nonresident against foreign corporation, see note in 70 L. R. A. 543).

Judge of the Circuit Court for Multnomah County, to entertain jurisdiction of an action commenced by the relator Adolph Kahn against the New York Life Insurance Company, a New York corporation, on an insurance policy and to try the action. The application for the policy was made by the plaintiff in Germany signed by the president and secretary of the New York Life Insurance Company at its main office New York City, and was signed by the general secretary of the company for Europe at the New York Life Insurance Company's office in Paris, France.

The New York Life Insurance Company is authorized to conduct life insurance business anywhere. Prior to the declaration by the United States of war against Germany, this corporation was transacting life insurance business in Germany. This company, as one of the requirements essential to the right to transact its business in the State of Oregon, on February 16, 1923, executed and filed with the Insurance Commission, as required by Section 6327, Or. L., a power of attorney appointing R. A. Durham, a citizen of Oregon, residing at Portland, its attorney-in-fact, upon whom "lawful and valid service may be made of all writs, processes and summons in any case, suit or proceeding commenced by or against any such company or association in any court mentioned in this section and necessary to give such court complete jurisdiction thereof."

The action mentioned was commenced October 3, 1927, and summons and complaint were served by delivery to the said R. A. Durham, as such attorney-in-fact. The defendant appeared specially and filed a motion to quash the service of the summons, for the reason that the service was not authorized by law, and that the court could not obtain jurisdiction over

the person of the defendant, New York Life Insurance Company, in that plaintiff was and is a resident and citizen of the republic, formerly empire, of Germany, and has not been a resident, inhabitant or citizen of the State of Oregon, and was not at the time of the commencement of the action, and is not now, within the State of Oregon, as shown by affidavit.

The defendants filed a demurrer to the writ. The questions thereby raised are, as stated in defendant's brief: Does the limitation expressed in the title to insurance law, "Insurance in the State of Oregon" apply to Section 3a, requiring of every foreign corporation as a requisite to doing business in this state the appointment of an attorney-in-fact upon whom service of summons may be made? Did your legislature intend that Section 3a should be construed so as to permit service of process in this state upon a foreign insurance company qualified to do business here, of summons in any action brought by any person upon any kind of cause of action arising outside of the state? Second, is the stipulation contained in the policy in question valid and controlling:

"For the fulfillment of this contract only the courts of Karlsruhe are competent; as the legal domicile of the company is agreed upon its office at Karlsruhe and for the insured or his legal successor the place mentioned in the application of insurance, * * "

The Circuit Court at first denied the motion to quash the service. A motion for rehearing was then filed by the defendant New York Life Insurance Company and a rehearing was granted. At the rehearing Judge TAZWELL, Judges J. W. KNOWLES and FRED W. WILSON, together heard the motion and thereafter

Judge TAZWELL granted the same and declined to take· jurisdiction of the law action mentioned.

Plaintiff contends that under the Oregon statute, Section 6327, the court can obtain proper jurisdiction of the person of the defendant company by due service made upon its attorney-in-fact.

The title of the Insurance Law Act, Chapter 203, General Laws 1917, page 312, is "to provide for the regulation and supervision of insurance in the State of Oregon, other than State Industrial Accident Insurance, and repealing, * * " (several sections of the Code mentioned).

Article IV, Section 20, of the Constitution ordains in part as follows: "Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

Section 3a of Chapter 203, Or. L., § 6327, provides:

"Every foreign or alien insurance company shall, before transacting business within this state, duly execute and acknowledge a power of attorney, and cause the same to be filed in the office of the insurance commissioner, which power of attorney shall be irrevocable except by the substitution of another qualified person for the one mentioned therein ·as attorney in fact, and such power of attorney shall appoint some person who is a citizen of the United States, and a citizen and resident of this state, as attorney in fact for such foreign or alien company or association, and such appointment shall authorize and empower such attorney to receive and accept service of all writs, processes and summons requisite or necessary to give complete jurisdiction of any such company or association to any of the courts of this state, or the United States courts therein, and shall be deemed to constitute such attorney the authorized agent of such company or association upon whom lawful and valid service may be made of all writs, processes and sum-

mons in any case, suit or proceeding commenced by or against any such company or association in any court mentioned in this section and necessary to give such court complete jurisdiction thereof. * * ''

As the language of Article IV, Section 20, of the Organic Act indicates, the Insurance Act should embrace but one subject, "and matters properly connected therewith." Are the matters embraced in Section 6327, Or. L., properly connected with the regulation and supervision of insurance in the State of Oregon? WRIT ALLOWED. REHEARING DENIED.

For relator there was a brief over the name of *Mr. Peter A. Schwabe,* with an oral argument by *Mr. C. T. Haas.*

For defendant there was a brief over the name of *Messrs. Huntington, Wilson & Huntington,* with oral arguments by *Mr. B. S. Huntington* and *Mr. W. M. Huntington.*

In behalf of Mutual Life Insurance Co. there was a brief over the name of *Messrs. McCamant & Thompson, Amicus Curiae.*

BEAN, J.—1-3. It is not essential that all the matters or items embraced in an act should be mentioned in the title. If the provisions of the act are reasonably connected with and germane to the subject expressed in the title, there would be no repugnancy to Article IV, Section 20, of the Constitution: 1 Lewis' Sutherland on Stat. Const. (2 ed.), § 18; *Pacific Elevator Co. v. Portland,* 65 Or. 349, 384 (133 Pac. 72, 46 L. R. A. (N. S.) 363).

The Insurance Act provides for the appointment of an insurance commissioner and prescribes his powers

and duties. It prescribes the conditions and requirements in detail, with which every insurance company, domestic, foreign or alien, must comply in order to be entitled to do business in this state. It directs the proceedings for the liquidation of insolvent insurance companies and provides for the certain deposits of securities with the commissioner, or the establishment of a financial status of the company; and makes various provisions for the regulation of insurance business in order for the proper conduct of such business and the issuing of insurance policies, and the fulfillment thereof.

It seems appropriate and reasonable that with the other provision of the law, and as connected with the regulation and supervision of insurance, the provision of Section 3a of the act (Section 6327, Or. L.) should be included so that, as a condition precedent to a foreign or alien insurance company doing business in this state, it shall execute a power of attorney and file same with the insurance commissioner, which power of attorney shall appoint a citizen, and resident of the state, as attorney-in-fact for such foreign or alien company, and authorize and empower such attorney to receive and accept service of all writs, processes and summons, requisite to give complete jurisdiction of any such company to any of the courts of the state, or the United States courts therein, so as to constitute such attorney the authorized agent of such company upon whom lawful and valid service may be made of all such writs and processes in any case, suit or proceeding commenced "by or against any such company or association in any court mentioned in this section, and necessary to give such court complete jurisdiction thereof." Otherwise the business of issuing insurance policies and making insurance contracts

could not be carried to a successful completion, and such contracts enforced in all cases, in a practical and convenient manner.

When the New York Life Insurance Company complied with this section it consented to all the terms thereof and assumed the duties and liabilities thereby imposed, as well as accepting the privileges and benefits thereof: *Ramaswamy* v. *Hammond Lbr. Co.,* 78 Or. 407 (152 Pac. 223). Such company upon complying with the state law has the right to institute and prosecute any action or suit against any person in any of the courts of this state, whether the cause of action or suit is based upon a contract made in the state or elsewhere.

Section 6908, Or. L., contains a like provision for the appointment of an attorney-in-fact by other foreign corporations before doing business in this state, and authorizing service of process in the same manner and with like effect as the act in question.

A similar statute in this state dates from 1864. See Hill's Code 1892, § 1451; B. & C. Code, §§ 5109, 5110. The Insurance Act in question, and prior laws of similar effect, which have been in force since 1887, B. & C. Code, §§ 3706, 3738, which apply to foreign insurance company, as to them take the place of the statute governing other foreign corporations. See Or. L., § 6329. It is a late date to challenge the validity of the provision relating to the service of process and jurisdiction contained in Section 6327.

We conclude that the title to the act is sufficient and that the matter embraced in the latter section are germane to the subject of the act.

The further question arises whether the court has jurisdiction of a cause of action and of the parties.

25 Ency. of Procedure, pages 862, 865, 866, states thus:

"At common law, transitory actions could be brought in any county selected by plaintiff, or wherever the defendant might be found and served with process, regardless of the place where he resided or where the cause of action arose. * * No actions are local unless made so by the statute. * * The tendency is to enlarge the field of transitory action. * *

"If none of the parties is an inhabitant of the state, the action may be brought in any country or in any county in which process was served upon the defendant. 25 Ency. of Procedure, p. 894."

In 5 Joyce on Insurance, Section 3503, it is stated as follows:

"It is also decided that actions against insurance companies on their policies are transitory and may be instituted anywhere that service can be had upon the corporation; that a claim of interest thereunder is one of debt, that debts have no *situs* and action may be brought to recover them in any court in which jurisdiction can be had over the person of the debtor. * * "

In *Cunningham* v. *Klamath Lake R. Co.,* 54 Or. 13 (101 Pac. 213, 1099), the suit was against a foreign corporation based upon a tort which happened in California. After discussing Section 6 of the Act of 1903, General Laws of Oregon of 1903, page 43, relating to foreign corporations, Mr. Justice MOORE quotes Justice FIELDS of the United States Supreme Court, in the case of *St. Clair* v. *Cox,* 106 U. S. 350, 355 (27 L. Ed. 222, 1 Sup. Ct. Rep. 354, 358), as follows:

"Whilst the theoretical and legal view that the domicile of a corporation is only in the state where it is created was admitted, it was perceived that, when a foreign corporation sent its officers and agents into

other states, and opened offices and carried on its business there, it was, in effect, as much represented by them there as in the state of its creation."

It was further stated in the Cunningham case, quoting from a text-book, at page 21, as follows:

"It is generally held that if a corporation does business within a state, and thereby consents to be sued in the courts of that state, the consent is not confined to causes of action arising within the state, but that the corporation may there be sued upon any transitory cause of action, whether in contract or in tort, no matter where it arose. Beale, Foreign Corp., § 280."

In *Ramaswamy v. Hammond Lbr. Co.*, 78 Or. 407, 419 (152 Pac. 223), this court said:

"According to the provisions of the enactment of 1903 contained in section 6726, L. O. L., in a transitory action, complete jurisdiction of a foreign corporation may be obtained by the circuit court for any county where an action against such corporation is commenced, by service of the summons and complaint upon the resident agent appointed by the corporation, pursuant to this statute, regardless of the residence of such agent or the location of the principal office or place of business of the defendant, no matter where the cause of action arose. The language of the act quoted in part above is too broad and comprehensive to permit of any other construction, when viewed in the light of the then existing conditions and the former rulings of the courts."

While the latter case is not exactly in point, we think it has some bearing on the question.

In *New England Mutual Life Ins. Co. v. Woodsworth*, 111 U. S. 138 (28 L. Ed. 379, 4 Sup. Ct. Rep. 364), an insurance policy was issued by a Massachusetts corporation to a person living in Michigan. A suit upon the policy was instituted in the State of Illi-

nois by the administrator of the insured. The juris-
diction of the court was challenged but maintained by
the court. In discussing the question, at page 381, we
find recorded this language:

"But the reason why the state which charters a
corporation is its domicile in reference to debts which
it owes, is because there only can it be sued or found
for the service of process. This is now changed in
cases like the present; and in the courts of the United
States it is held, that a corporation of one state doing
business in another is suable in the courts of the
United States established in the latter state, if the
laws of that state so provide, and in the manner pro-
vided by those laws. *Lafayette Ins. Co.* v. *French,*
18 How. (U. S.) 404 (15 L. Ed. 451) ; *B. & O. R. R. Co.*
v. *Harris,* 12 Wall. 65 (20 L. Ed. 354)."

In 30 A. L. R., in a note to *Lipe* v. *Carolina C. &
O. R. Co.,* 123 U. S. 515 (116 S. E. 101), 248, at page
255 we read thus:

"Following the explosion of the common-law idea
of the necessarily local nature of actions against for-
eign corporations, various rules were enacted by the
legislatures or adopted by the courts, regulating this
newly assumed power. The theories on which the
power has been said to exist may be said to be three:
First, that the corporation has given its express con-
sent by contracting with the other party to the suit;
second, by appearance or waiver of objection to the
jurisdiction; or, third, by complying with a statutory
condition precedent to the right to do business in the
state by appointing an agent to receive process."

4. A corporation which goes into a foreign jurisdic-
tion and there prosecutes its corporate affairs im-
pliedly consents to be sued there, either because of
specific statutory provision or judicial construction
that it shall be so liable or because of an implication
of liability to suit in consideration of protection af-

forded it by the foreign state; under this theory it has been held that process may be served on an actual agent or upon an agent designated by statute: 30 A. L. R., p. 256, note.

5. The note mentioned is authority for the statement that by the great weight of authority the mere fact that the cause of action arose, or the transaction giving rise to it occurred, beyond the territorial limits of the state of suit does not prevent effective service of process upon an actual agent of a foreign corporation, if the conditions of service are otherwise satisfied: Note, 30 A. L. R., p. 258, citing in support thereof a wealth of authorities in the United States courts, and cases in thirty states, and many in England and Canada. In *Hamilton* v. *North Pacific S. S. Co.,* 84 Or. 71 (164 Pac. 579), one of the cases cited as authority for the rule stated, at page 77, Mr. Justice McCAMANT records the following language:

"It is settled law in this jurisdiction that a foreign corporation doing business in Oregon is to be deemed a resident of Oregon in such sense as that it is amenable to the processes of the Oregon courts, and a personal judgment may be secured against it based on the service of summons in this state: *Aldrich* v. *Anchor Coal Co.,* 24 Or. 32, 35 (32 Pac. 756, 41 Am. St. Rep. 831); *Farrell* v. *Oregon Gold Co.,* 31 Or. 463, 467, 468 (49 Pac. 876). It is believed that these authorities go no further than to hold that a corporation by transacting business in Oregon consents to be found therein for the purpose of service of summons upon it."

There was involved in the latter case the statute of limitations, Section 26, Or. L. The action was for a tort committed on the high seas on a California steamer, which was held to be deemed a part of the territory of the State of California.

6. Where a foreign corporation is doing business in a state to such an extent as to render it subject to jurisdiction of its courts generally, it is necessary and sufficient to the exercise of jurisdiction and to the acquisition of jurisdiction, otherwise than by consent, by a particular court in a specified suit *in personam,* that the laws of the state provide for the service of process upon the corporation and that there is a compliance with such statutes. As a foreign corporation can act only through agents, it is necessary and sufficient that there is service upon a duly authorized officer or agent of the corporation within the state, under statutes authorizing and providing for such service: 14a C. J. 1382, § 4098.

Most courts hold that a foreign corporation may be sued on a transitory cause of action in any state where it is doing business and can be served with process, regardless of whether the cause of action arose within or without the jurisdiction, and regardless of whether plaintiff resides within or without the state. Some courts, however, decline to take jurisdiction of a suit against a foreign corporation on a cause of action arising out of the state, especially where plaintiff is a nonresident.

7. Where a foreign corporation is doing business in the state sufficient to render it subject to the jurisdiction of the courts of the state generally, jurisdiction of a particular suit does not fail because the cause of action sued on has no relation in its origin to such business: 14a C. J. 1383, § 4099.

In *Walsh* v. *Atlantic Coast Line R. Co.,* 256 Fed. 47, 50, in a note to Section 4099, 14a C. J., we find the following:

"It is, however, clear that jurisdiction is not limited to business done by the corporation within the district

or state; the liability to suit depends not upon the *situs* or character of the business out of which the litigation arises, but upon the fact that the corporation is present and therefore amenable to process.''

8. The New York Life Insurance Company qualified to do business in this state and voluntarily, in a formal manner, appointed an agent upon whom service of process might be served in an action against the corporation. The power of attorney of the corporation appointing such agent for the purpose mentioned is just as efficacious and binding as though the corporation by a resolution of its directors had accepted service. Undoubtedly R. A. Durham is an agent of the corporation for the particular purpose of accepting and receiving such service of process. In that matter he has as much authority as any officer of the corporation.

The service was made upon the attorney-in-fact of the company pursuant to the stipulation of the insurance company. The actions in which such agent is to represent the corporation are not limited. The meaning of the instrument of authorization of service must be that the appointment is for any action which under the laws of this state may be brought against such foreign insurance company.

The cause of action of plaintiff against the corporation is a transitory one. The court obtained jurisdiction of the corporation and has jurisdiction of the subject matter of the action, notwithstanding the fact that the contract of insurance was executed outside the state, and notwithstanding the fact that the plaintiff is a nonresident of the State of Oregon: *Rish-miller* v. *Denver & R. G. Ry.*, 134 Minn. 261 (159 N. W. 272); *Merchant Elev. Co.* v. *Chesapeake Ry.*, 147 Minn. 188 (179 N. W. 734); *Bagdon* v. *Philadelphia*

*Coal & Iron Co.,* 217 N. Y. 432 (111 N. E. 1075, Ann. Cas. 1918A, 389, L. R. A. 1916F, 407); *Johnson* v. *Trade Ins. Co.,* 132 Mass. 432; *Denver & R. G. Ry.* v. *Roller,* 100 Fed. 738 (49 L. R. A. 77).

9, 10. It is contended by the company that the clause in the policy, quoted above, in regard to domicile, restricts the jurisdiction, and limits the jurisdiction to enforce the conditions of the policy to the "Courts of Karlsruhe." In *Sudbury* v. *Ambi Verwaltung, etc.,* 213 App. Div. 98, 100 (210 N. Y. Supp. 164, 166), the court stated at page 100:

"The federal rule is well settled that contracts by which parties attempt to confer exclusive jurisdiction upon a particular court, foreign or domestic are contrary to public policy and void."

The contract in question in the Sudbury case was the following:

" 'Place of Jurisdiction: In case dispute should arise out of this contract, only German laws should apply. For the decision of such disputes exclusive jurisdiction is vested in German Courts, namely: The Superior Court. (Landgericht I.)' "

The stipulation of the parties contained in the contract of insurance is contrary to public policy and void. The law prescribed the jurisdiction of our courts and it cannot be diminished or increased by the convention of the parties. The stipulation is in effect a legal opinion of the parties that only "the Courts of Karlsruhe" are competent for the fulfillment of the contracts. See *Gough* v. *Hamberg Amerikanische Packetfahrt,* 158 Fed. 174; *Mutual Reserve Fund Life Assn.* v. *Cleveland Woolen Mills,* 82 Fed. 508; *Insurance Co.* v. *Morse,* 20 Wall. (87 U. S.) 445 (22 L. Ed. 365).

In *Kent* v. *Universal Film Mfg. Co.*, 200 App. Div. 539 (193 N. Y. Supp. 838), Mr. Justice LAUGHLIN said, at page 550:

"The federal court regards contracts by which parties attempt to confer exclusive jurisdiction over a particular court, foreign or domestic, as contrary to public policy and void."

And in that case many cases of similar import are cited: *Sliosberg* v. *New York Life Ins. Co.*, 217 App. Div. 67 (216 N. Y. Supp. 215), 125 Misc. Rep. 417 (211 N. Y. Supp. 270).

11. Under principles of comity the courts of one state will enforce rights arising in other states, unless contrary to the laws or public policy of the state in which such enforcement is sought, and will entertain suits brought by citizens of other states. The prosecution of transitory actions in a country other than that in which the cause of action arose is based on comity, so that, where under the *lex loci* no right of action exists, none can be enforced in the jurisdiction of suit: 15 C. J., p. 1181, § 655.

12. It is urged on behalf of defendant that the deposit of the company to qualify it to do business in this state would be depleted if many actions of like kind are brought in Oregon. This danger is not real. The New York Life Insurance Company qualifies to do business in this state as to financial standing under Section 6328, subdivision 3, Or. L., by showing that it has a fully paid-up capital, or deposit capital in the United States over all liabilities equal to $200,000, with a surplus of $100,000 and made no deposit in this state.

The position of the New York Life Insurance Company is ably presented by counsel in argument and in their brief, and also in the brief of counsel appearing

as *amici curiae.* Time and space will not permit us to devote that discussion to these briefs which we would like, and which perhaps the circumstances seem to require. The contrariety of opinion upon the question is due in many cases to the difference in the state statutes. Our statute is as broad and direct as any that we have noticed.

We are constrained to hold upon the weight of authority and reason that the Circuit Court has jurisdiction of the defendant New York Life Insurance Company and of the subject of the action, and should entertain such jurisdiction and proceed with the hearing and determination of the action mentioned.

For such purpose let the peremptory writ issue.

WRIT ALLOWED.   REHEARING DENIED.

Mr. Justice COSHOW dissents.