[Civ. No. 16491.   Second Dist., Div. One.   Oct. 14, 1948.]

Estate of MABEL BARNES HARKER, Deceased. EDNA B. DOWNS, as Executrix, etc., Appellant, v. STATE OF CALIFORNIA, Respondent.

Haas & Home and John D. Home for Appellant.

James W. Hickey, Chief Inheritance Tax Attorney, and Raymond G. LaNoue, Deputy Inheritance Tax Attorney, for Respondent.

DORAN, J.—This is an appeal from an order denying the application of the executrix for refund of inheritance tax erroneously paid.

The record on appeal consists of the clerk's transcript and a settled statement in lieu of a reporter's transcript. There is no dispute as to the facts.

Briefly, the facts are as follows: Mabel Barnes Harker, the decedent, died October 6, 1946. On April 8, 1947, Edna B. Downs, the executrix and appellant herein paid the state inheritance tax to the county treasurer, "under protest and under a claim that the said executrix was entitled to a 5% discount credit on account of said tax. A written protest accompanied the payment." "On September 12, 1947, the court made its order fixing the inheritance tax due the State of California at $2,418.67, which sum, less 5% or $120.94, makes the correct amount of inheritance tax payable to the State of California as $2,297.73. The order fixing the tax was duly entered in the office of the clerk of the court. In making the payment the executrix overpaid the amount of inheritance tax due the State of California in the sum of $871.02, the tax being paid on a high contingency. On October 25, 1947, the executrix and the controller of the State of California entered into a stipulation stipulating that the Superior Court of the County of Los Angeles, State of California might forthwith

make its order ordering the auditor of the county of Los Angeles to draw his warrant upon the treasurer of the County of Los Angeles in favor of the executrix in the sum of $750.08, payable out of any inheritance tax moneys in his hands or custody and ordering the county treasurer to pay said warrant out of any inheritance tax funds in hand, and that the executrix might file in the estate proceedings an application for the refund of an additional sum of $120.94, the said sum of $120.94 being the difference between $750.08, the amount of refund claimed to be payable by the controller of the State of California, and $871.02, the amount of refund claimed to be payable by the executrix. The court on October 30, 1947, pursuant to said stipulation made its order directing the payment of the sum of $750.08 as a refund on account of the overpayment, leaving unpaid the sum of $120.94.

"On October 30, 1947, the executrix filed her application for refund of inheritance tax erroneously paid, setting forth the foregoing facts, and additional facts concerning the computation of time in which the tax could be paid and the discount allowed, and praying that the sum of $120.94 be directed to be paid to her in accordance with the law."

Section 14161 of the Revenue and Taxation Code reads:

"In the event that an inheritance, but no additional, tax is imposed by this part on any transfer, and the inheritance tax is paid within six months from the date it is due and payable, a discount equal to 5 per cent of the amount of the tax payable is allowed against the tax."

It is appellant's contention that the payment which was made on April 8th was "within six months" as provided in the above section. Respondent on the contrary contends that the payment "made on April 8, 1947, came too late."

The controversy revolves around the construction and interpretation to be given to section 12a of the Code of Civil Procedure which reads as follows:

"As to any act provided or required by law to be performed within a specified period of time, such period of time is hereby extended ——

"(a) To and including the next day which is not a holiday (other than a special holiday), if the last day of such period falls upon a holiday; and

"(b) By such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period; and

"(c) In any event, as to any such period of time which commenced prior to the date this act takes effect, but not less than ten days.

"The term 'special holiday' is used herein in the same sense as used in section 10 of the Political Code."

Section 7 of said section 12a is as follows:

"The provisions of section 12a, hereby added to the Code of Civil Procedure apply also to sections 659, 659a, 946, 953a, and 974 to 982 of the Code of Civil Procedure and the period of time severally therein prescribed or provided for, and to all other provisions of law, howsoever stated or wheresoever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time. The mention of said sections herein or the specific amendment by this act of sections 660 and 939 of this code are not intended and shall not be construed to exclude the application of the provisions of said section 12a to such other provisions of law whether the latter are expressed in this or any other code or statute, ordinance, rule or regulation."

Appellant's position is as follows: "The decedent died on October 6, 1946. The six months period in which the tax could be paid with the 5 per cent discount credit, would ordinarily have expired April 6, 1947. April 6, 1947, was Sunday and therefore fell within the ordinary computation of time which extended the time one day to April 7, 1948. (Code Civ. Proc., Secs. 12 and 12a, Subd. (a.).) The President of the United States and the Governor of the State of California each proclaimed November 28, 1946, a holiday, designating the same as Thanksgiving Day, which said holiday so proclaimed fell within the said six months period. (Code Civ. Proc., Sec. 12a, Subd. (b).) Time was therefore extended one additional day to April 8, 1947. (Code Civ. Proc., Sec. 12a, Subd. (b).) The tax was paid on April 8, 1947, and the executrix therefore should have been entitled to receive the 5 per cent discount. The court therefore erred in denying the application."

Respondent contends that section 12a does not apply and in that connection argues that, "The Legislature, we believe, when it used the qualifying adjective 'specified', did so advisedly. It meant, we believe, to confine the operation of Section 12a to those acts only which by the terms of a particular statute were required to be performed within a precise period of elapsed time. It meant, we believe, to accord to the word 'specified' the connotation of definiteness and preciseness."

With regard to the date respondent argues, "The vice, as we see it, in appellant's argument is this: She first computes the six months' period without reference to subdivision (b), Section 12a, Code of Civil Procedure, and arrives at April 7, 1947, as the last day of the six months' period, April 6, 1947, falling on Sunday. She then takes one extra day by virtue of the section, which brings her up to and including April 8, 1947. Such construction, we believe, is patently wrong. If appellant is entitled to one extra day by force and effect of subdivision (b) of Section 12a then April 7th is that day, and since it was not a holiday, the tax had to be paid on that day to obtain the benefit of the 5 per cent discount."

It should be noted at the outset that section 12a specifically recites that its provisions apply to sections 974 to 982 of the Code of Civil Procedure. Section 981a of the Code of Civil Procedure provides that appeals must be dismissed "where the appealing party fails to bring such appeal to trial within one *year* from the date of filing such appeal." (Italics added.) Thus a "year" is a definitely "specified period of time" within the meaning and application of section 12a. The conclusion is inevitable therefore that if a "year," which may be either 365 or 366 days, is sufficiently specific, then a calendar month is also sufficiently specific and is likewise included within the meaning and application of its provisions.

As to the calculation of time as contemplated by section 12a, appellant's solution appears to be the logical one for as pointed out by appellant in substance, the "specified period of time" is first extended according to paragraph (a) "to and including the next day" etc.; "*and*" then by "such number of days" etc., as provided by paragraph (b). It is noteworthy that these two paragraphs are connected by the word "and" which as contended by appellant "expresses the relation of addition or connection, and signifies that something is to follow in addition to that which precedes." Indeed respondent's construction and application of section 12a would defeat its evident purpose for the "period of time" could not then be extended "by such number of days as equals the number of holidays" designated and occurring "within or during such period," if the last day of such period happens to fall on a holiday.

For the foregoing reasons, the order is reversed and cause remanded.

York, P. J., and White, J., concurred.