**TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Plaintiff,**

v.

**CIMARRON INSURANCE COMPANY, Inc., a Kansas corporation, Defendant and Third-Party-Plaintiff,**

v.

**UNDERWRITERS AT LLOYDS, LONDON, under Policy No. 564/496210, Certificate No. SS 6100, Third-Party-Defendant.**

**Civ. No. 30–59.**

United States District Court
D. Oregon.
July 27, 1961.

John Gordon Gearin, Portland, Or., for plaintiff.

Howard K. Beebe, Portland Or., for defendant.

KILKENNY, District Judge.

Third Party Defendant has filed two motions to quash service of process.

In 1955 Cimarron issued a policy of liability insurance to one Joe Bookshnis. Travelers insured Shell Oil Company. During that year a tanker covered by the Cimarron policy drove on the premises of said Shell Oil Company and while loading hot asphalt one Sammons, an employee of Bookshnis, was injured by reason of the negligence of Shell. Sammons instituted an action against Shell. Travelers tendered the defense to Cimarron. Subsequently, Travelers negotiated a settlement in the sum of $23,750. In the meantime, Cimarron instituted suit against Travelers in the Circuit Court of Multnomah County, Oregon, for a declaratory judgment to determine the relative rights of those parties under their respective insurance policies. The circuit court entered a judgment in favor of Travelers in which it held that Cimarron was solely responsible for any loss suffered by Shell in said accident. This judgment is pleaded as a basis for relief in the present third party action in this court by Cimarron against Lloyd's. On March 23, 1959 an order was entered in this court staying all further proceedings pending the outcome of the appeal by Cimarron in the state court. The Oregon Supreme Court decided this case on September 28, 1960, Cimarron Insurance Co. v. Travelers Insurance Co., Or., 355 P.2d 742. That court modified the judgment of the lower court and held that Travelers and Cimarron must prorate the loss in the ratio which their respective policies bear to the total coverage. After the decision of the Oregon Supreme Court, Cimarron joined Lloyd's as a third party defendant in the pending cause in this court charging that Lloyd's had underwritten a liability insurance policy for the entire Shell complex of corporations and subsidiaries and that Lloyd's should prorate the loss in this case with Travelers and Cimarron. Three attempts at service have been made by Cimarron, the third party plaintiff, against Lloyd's, the third party defendant in this case. There is no claim that the first attempt was legal. The second service was made under the Service of Suit clause of the Lloyd's policy.[1] This process was served on B. F.

---

[1] "Applicable to United States portion of risk only

"Service of Suit Clause (U.S.A.)

"(Approved by Lloyd's Underwriters' Fire and non-Marine Association)

"It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

"It is further agreed that service of process in such suit may be made upon Surplus Line Adjusting Company, Swett & Crawford and/or J. T. Ryan, President, Surplus Line Adjusting Company, 100 Sansome Street, San Francisco, California, As Agents of Messrs. Mendes & Mount., and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

"The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon

Marx, manager of Swett & Crawford's Portland office. The certificate of the Insurance Commissioner of the state of Oregon which is before the court shows that there is on file a power of attorney issued by Lloyd's to the "manager for the time being, Swett & Crawford, 515 Yeon Building, Portland, Oregon." This appointment was made pursuant to ORS[2] 750.050. Lloyd's contends that this is valid for service only in connection with surplus line insurance executed under the provisions of that particular section of the Oregon code. It is conceded that the policy in question does not involve surplus line insurance. This poses for decision the question of whether the appointment of an attorney in fact to receive service under the provisions of said section submits the appointment company to service of process in actions on policies other than surplus line insurance issued under that particular chapter.

Subsection (2) of said statute provides:

"(2) Before registering and delivering any such policy for an unauthorized insurance company or insurer, the surplus line agent shall procure from such company or insurer a power of attorney which empowers him as its attorney in fact to receive and accept on its behalf service of any and all writs, processes and summonses requisite or necessary to *give complete jurisdiction of any such company or insurer to any courts of this state or of the United States in this state.* The power of attorney is deemed to constitute such attorney the authorized agent of such company or insurer upon whom lawful service may be made of *all writs, processes and summonses in any case, suit or proceeding* in any court mentioned in this section. Such power of attorney shall be valid so long as such company or insurer has any liability existing in this state on account of any outstanding policies or unpaid claims pending against it. The surplus line agent shall file such power of attorney with the commissioner promptly on receipt of same."

■ This language is very broad and comprehensive. Obviously, the intention of the legislature was to require each surplus line insurance company to submit to the jurisdiction of the courts in Oregon on all types of actions and suits which might be instituted against it, whether by reason of the issuance of a policy or otherwise. A state, as a condition to doing business within its boundaries, may by statute require a foreign corporation to submit to the jurisdiction of its courts and the federal courts located therein and such legislation does not violate due process. Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485.

The Oregon court has not construed this particular statute. In State ex rel. Kahn v. Tazwell, 125 Or. 528, 266 P. 238, 59 A.L.R. 1436, the Oregon Court construed a statute which is quite similar to the statute in question. The court there held that a foreign corporation may be sued on a transitory action in any state where it is doing business and can be served with process, regardless of whether the cause of action arose within or without the jurisdiction and regardless of whether the plaintiff resides within or without the state. In dealing with the

Underwriters' behalf in the event such a suit shall be instituted.

"Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof."

2. Oregon Revised Statutes.

particular question of law which is here presented the Oregon Supreme Court said, in 125 Or. at page 541, 266 P. at page 242:

"Where a foreign corporation is doing business in the state sufficient to render it subject to the jurisdiction of the courts of the state generally, jurisdiction of a particular suit does not fail because the cause of action sued on has no relation in its origin to such business."

In other words, the liability to suit does not depend upon the character of the business out of which the litigation arises, but upon the fact that the corporation is present and therefore amenable to process. Walsh v. Atlantic Coast Line R. Co., 1 Cir., 256 F. 47, 50.

Attention is directed to the following language of the statute:

" * * * The power of attorney is deemed to constitute such attorney the authorized agent of such company or insurer upon whom lawful service may be had of *all* writs, processes and summonses in *any case, suit or proceeding* in *any court* * * *".

The word "all" as an adjective of number means the whole number of when used with a singular noun or pronoun, and referring to amount, quantity, extent, duration, quality or degree means "the whole of." Webster's New International Dictionary, Second Edition.

In considering whether the statute of Mertin, in which the words "omnis viduae" were used, applied to each of five kinds of dower, Lord Coke observed, "Qui omne dicit nihil excludit," which literally translated means, "He who says all does exclude nothing." Pittsburg, C. C. & St. L. Ry. Co. v. Lightheiser, 163 Ind. 247, 71 N.E. 218, 222. The adjective "all" is not a word of novel import, but is part of the layman's everyday vocabulary. Lee v. Hoff, 163 Or. 374, 387, 97 P.2d 715. In construing a statute, the court must give words of common use their natural and obvious signification. Cary v. Metropolitan Life Insurance Co.,

141 Or. 388, 17 P.2d 1111; Hinton v. Columbia River Packers Ass'n, 9 Cir., 1941, 117 F.2d 310; In re Ellis, D.C.Or., 1910, 179 F. 1002; Superior Oil Syndicate v. Handley, 99 Or. 146, 195 P. 159.

ORS 750.010 requires an insurance company seeking authority to carry on a surplus line insurance business in Oregon to file a written application for a license. The issuance of such a license requires compliance with ORS 750.050(2). The license issued to Lloyd's necessarily incorporated the applicable law of Oregon, which law required that company to submit to the jurisdiction of the courts mentioned in such subsection. Ocean Accident & Guaranty Corporation v. Albina Marine Iron Works, 122 Or. 615, 260 P. 229. The only rational construction which can be placed on the language of the statute is that it requires an insurance company doing business in Oregon to submit to the jurisdiction of the local and federal courts for *all* purposes. The contention of Lloyd's that the statute and the service of suit clause require a submission to jurisdiction only in those actions involving surplus line insurance is without merit. The Oregon Supreme Court, if presented with this question, would undoubtedly uphold the validity of the service of process in this case and I so declare the Oregon law.

The other service of process was made on the insurance commissioner of the state of Oregon pursuant to the provisions of ORS 736.252. That section limits service to "any action begun by or on behalf of an insured or beneficiary." The third party plaintiff in this case is not an insured nor a beneficiary as those words are ordinarily used. Since the scope of service is narrowly limited as aforesaid, I am of the opinion that service made pursuant to this particular section would not be valid. I realize what I say in connection with this service is entirely unnecessary to a decision. However, if the cause is appealed, the appellate court might desire an expression from the trial court on the subject. I am of the opinion that the Supreme Court of Oregon would not uphold such service

and would so declare the Oregon law on that subject.

The motion to quash the service of process made pursuant to ORS 736.252 is allowed. The motion to quash service of process made pursuant to ORS 750.050 (2) is denied. Third party defendant is allowed ten days in which to answer.