ALLEN, Judge.
Appellants, defendants in declaratory proceedings below, appeal a decree for ap-pellee, plaintiff below. The factual circumstances antecedent to proceedings below are as follow:
The plaintiff-appellee Lyons and Solar Estates, Inc., entered into an agreement for the sale of certain property owned by ap-pellee. The provision of the contract that is the genesis of this action states that the purchaser corporation should pay $1,750 an acre for every acre in excess of 3200 acres. At the closing it was agreed that the total acreage was 3,328.98, but it was further agreed that this included acreage dedicated to public purpose for which the purchaser need not pay. Dispute arose as to the acreage so dedicated, appellee contending that 42.01 acres were dedicated, the purchaser contending that 58.28 acres were dedicated. In short, the parties disputed the purchaser’s liability for 16.27 acres, worth $28,472.50.
The dispute arose by virtue of an ambiguous provision in that portion of the plat dedicating certain rights of way to the public:
“A right of way, for public road, 50 feet in width, being 25 feet on either side of the Section lines is hereby dedicated to the public along the section . lines marked ‘paved road’ on the attached plat.
“A right of way 30 feet in width, being 15 feet on either side of the subdivision lines is hereby dedicated to the public as a thoroughfare along all section lines and quarter section lines extending in an East & West direction and between the two North tiers of lots in Sections 2, 3 & 4.” (Emphasis added.)
The appellee contended that the emphasized portions of the plat indicated an intent to dedicate only those section and quarter section lines extending East and West. Appellant argued that all section lines, both North-South and East-West, as well as East-West quarter section lines, were dedicated.
Appellee, seeking resolution of the dispute, instituted declaratory proceedings against appellant North Lauderdale Corporation, admitted successor in interest to *692 Solar Estates, and joined Broward County as an interested party defendant.
After hearing, the chancellor entered a decree finding that:
“ * * * the Court finds that it was the intent of the dedicator to dedicate an area for roads Thirty (30) feet in width being Fifteen (IS) feet on either side of the subdivision lines running along all section and quarter-section lines that run in an east and west direction and between the two north tiers of lots in Sections Two (2), Three (3), and Four (4), Township 49 South, Range 41 East, and not north and south except as to the two roads marked ‘paved, as shown on the plat ” (Emphasis added.)
Appeal ensued.
As hereinbefore indicated, the sole issue in the lower court and in this court is the proper construction of the phrase, “along all section lines and quarter section lines extending in an East & West direction.” The able trial judge construed the words “extending in an East & West direction” as modifying both “all section lines” and “quarter section lines.” Accordingly, the lower court found that only the subdivision lines extending East and West were dedicated. Appellants argue that this construction fails to give significance to the adjective “all” preceding the words “section lines,” ignores the established meaning of the word “and,” and produces a result inconsistent with reason and certain well established rules of construction. Upon consideration, we are compelled to agreement with appellants, find error and must reverse.
In construing the obviously ambiguous descriptive phrase in dispute, certain rules of construction should be applied. The plat must be construed as a whole and every part of the instrument be given effect. Too, the plat should be construed fairly and reasonably with no part rejected as superfluous. Finally, if the plat is ám-biguous, the construction must be against the dedicator and in favor of the public. E. g., Florida East Coast Ry. Co. v. Worley, 1905, 49 Fla. 297, 38 So. 618.
Appellants, contending for a construction which would result in a dedication of the greater amount of right-of-way, clearly benefit from the last rule above noted. As clearly, the lower court’s judgment construes the plat in favor of the dedicator and against the public. However, our judgment should and does not rely on this alone.
Application of those rules which require that the plat be construed as a whole and be construed according to the reasonable import of the words used, requires attention to the use of the word “all” and the word “and” in the descriptive phrase. Ascribing to the word “all” the meaning, “the whole of,” see e. g. Travelers Insurance Co. v. Cimarron Insurance Co., 196 F.Supp. 681 (D.C.Or.1961) and ascribing to the word “and” the meaning “in addition to that which precedes,” see e. g. Land and Lake Ass’n v. Conklin, 1918, 182 App.Div. 546, 170 N.Y.S. 427; In re Harker’s Estate, 1948, 88 Cal.App.2d 6, 198 P.2d 51, the disputed phrase would seem clearly to have dedicated both East and West as well as North and South section lines and to have further dedicated the East and West quarter section lines. A construction which finds that the phrase “extending in an East and West direction” modified both “section lines” and “quarter section lines” ignores the significance of the use of the adjective “all” preceding “section lines” and its omission preceding the words “quarter section lines.” The use of the inclusive “all” and the limiting phrase “extending in an east and west direction” is inconsistent unless each is given significance with respect to distinct objects of their modifying effect.
Turning from the one phrase in dispute to an examination of the plat as a whole, both the language of dedication hereinbe-fore quoted and the map of the property *693 hereinafter reproduced, we are constrained to the view that a reasonable construction impels the conclusion that North and South section lines were dedicated.

Both parties concede the dedication of a SO foot right-of-way along a “paved road” extending from the Southeast corner of section 23 northerly to the Northeast corner of section 14, thence westerly to the northwest corner of section 14, thence northerly to the Northwest comer of section 11. Similarly, both parties concede the dedication of 30 feet along East and West section lines and East and West quarter section lines, as well as along a line between the two northern tiers of lots in sections 2, 3 and 4. However, appellee and the lower court reasoned that the specific dedication of certain North-South rights-of-way on the paved road should be construed as excluding further North-South rights-of-way along section lines. Since the dedication of the “paved road” granted a SO foot right-of-way over an existing road, we cannot view it as precluding the intent, otherwise clearly expressed, to dedicate lesser, 30 foot, rights-of-way along North and South section lines.
Finally, having clearly dedicated the quarter section line that extends East and West and bisects Sections 2, 3 and 4, and having specifically dedicated the East-West line between the northern tiers of lots, *694 the dedicator reasonably would intend that these be accessible from the rest of the property. Since the “paved road” terminates south of sections 2, 3 and 4, the only access would be along some other North and South right-of-way, i. e., the section lines. Accordingly, reference to the plat as a whole giving reasonable import to the words used necessitates the view that all section lines were dedicated. This construction best comports with all of the rules hereinbefore noted and avoids the violence done these rules if appellee’s position were sustained.
The judgment is reversed and remanded for proceedings consistent with the foregoing.
KANNER, Acting C. J., and WHITE, J., concur.