**Richard Peter BELLIZZI, Petitioner,**

v.

**Audrey P. KASLOW, Benjamin Civiletti, Norman Carlson, Respondents.**

Civ. A. No. 79–M–1662.

United States District Court,
D. Colorado.

Feb. 21, 1980.

---

Daniel J. Sears, Denver, Colo., for petitioner.

Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 is based upon the contention that the refusal of the United States Parole Commission to grant unconditional discharge and to issue a certificate setting aside the petitioner's conviction under the Youth Corrections Act is a violation of that statute and an abuse of discretion.

Upon his plea of guilty to simple possession of marijuana in violation of 21 U.S.C. § 844(a), Richard Peter Bellizzi was sentenced in the United States District Court for the Western District of Texas, El Paso Division. Although the maximum sentence for the offense of conviction was imprisonment for one year and a fine of $5,000, the sentencing judge determined that Mr. Bellizzi would benefit from the Youth Corrections Act, and committed him to the custody of the Attorney General for "treatment and supervision pursuant to 18 U.S.C. § 5010(b) until discharged by the Federal Youth Correction Division of the United States Parole Commission as provided in 18 U.S.C. § 5017(c)" on November 1, 1976.

The petitioner was then confined at the Federal Correctional Institution at El Reno, Oklahoma from November 19, 1976, until February 1, 1977 when he was transferred to the Federal Correctional Institution at Englewood, Colorado. He remained there until December 5, 1977, when he was transferred to a Community Treatment Center. On March 24, 1978, the petitioner was given a conditional release and placed under the supervision of a probation officer in the District of Colorado.

On April 12, 1979, the supervising probation officer submitted a supervision progress report with the recommendation that parole should be terminated and the conviction set aside because Mr. Bellizzi had acted in good faith in maintaining excellent grades in college, had shown an excellent attitude, and because he had already served more time in confinement than would have been required under an adult sentence.

There was no response to that recommendation until August 1979, when the supervising probation officer received a form letter saying only that "subject's case has been reviewed and a decision has been made to not set aside subject's conviction." That prompted the supervising probation officer to write a letter requesting reconsideration of that decision or some explanation of the reasoning behind a refusal.

In reply, a person identified as a "post release analyst" wrote that there appeared to be no circumstances which would cause the Commission to deviate from its policy of requiring two years of "clean supervision", and then included this paragraph:

One last note, even though you are technically and legally correct concerning the amount of time he could have received if sentenced as an adult for the crime of simple possession (one year), it is noted that the offense was really Transporting and Possession of 21 Kilogram Bricks of Marijuana for Sale, since it is not realistic to assume he would be using approximately 46 pounds of marijuana for personal use. The statute allows for a five-year sentence in that case. Subject was permitted to plea [sic] to a misdemeanor.

Two weeks later the same "post release analyst" attempted to attenuate the arrogance of that paragraph with this additional letter:

Because of a possible misinterpretation of the last paragraph of that letter, I feel it necessary to clarify the reasons for the Commission's actions.

Repeatedly in your reports to the Commission you brought to the Commissioner's attention the fact that the maximum penalty if sentenced as an adult for the crime of simple possession is one year. The only reason this issue was addressed in our letter was because of the obvious interest displayed in your communication. We merely wanted to let you know that the crime did involve approximately 21 kilogram bricks of marijuana (approximately 46 pounds) and he *could* have received a stiffer sentence.

The Commissioner based her decision to continue subject on parole on two factors: the length of parole supervision to date and the level of parole supervision. Let me make it very clear that the Commission would never continue a person on parole solely as punishment based on the seriousness of the offense. Rather, the Commission looks at the offense only to the extent that it speaks to the question of risk.

It has been stipulated and agreed that the facts developed in *Watts v. Hadden,* 469 F.Supp. 223 (D.Colo.1979) are also applicable in this case. Accordingly, the petitioner's confinement at FCI, El Reno and FCI, Englewood was not significantly different from adult inmates of those institutions and did not constitute any special "treatment and supervision." As noted in *Watts v. Hadden, supra,* pursuant to the Parole Commission Reorganization Act of 1976, Pub.L. 94–233, and particularly 18 U.S.C. § 4203(a)(1), the Commission has established guidelines for the exercise of its discretion in the release of YCA inmates under the criteria established by the Congress in 18 U.S.C. § 4206.

18 U.S.C. § 5017(a) was amended by the Parole Commission Reorganization Act of 1976 to authorize the conditional release of a committed youth offender in accordance with the provisions of § 4206. The petitioner does not challenge the use of the guidelines to keep him in confinement for seventeen months on a misdemeanor conviction. The claim of illegality here is the Commission's inflexibility in exercising its authority under § 5017(b) which provides that: "the Commission may discharge a committed youth offender unconditionally at the expiration of one year from the date of conditional release."

■ The Commission has committed itself to a policy of refusing such unconditional release before the completion of at least two years of "clean supervision" by adopting "criteria for early termination." That two year period corresponds with the provisions of 18 U.S.C. § 4211(b), which provides that the Commission shall review the status of adult parolees two years after

release on parole, and then determine the need for continued supervision. It is clear, however, that § 4211(b) was not made applicable to § 5017(b) because the Congress did not amend the latter section. Thus, even if § 4211(b) is read as requiring a two year minimum parole in adult cases, the Parole Commission has the authority to grant unconditional release of a Youth Offender after the expiration of one year on his conditional release.

The question presented in this case is whether the decision of the Parole Commission with respect to the petitioner constitutes an abuse of discretion because it is arbitrary and capricious. *Snyder v. U. S. Board of Parole*, 383 F.Supp. 1153, 1155 (D.Colo.1974).

█ Establishment of a minimum period of two years of supervision on conditional release for all YCA offenders is not only appropriately characterized as arbitrary; it is also antithetical to the very purposes of the Youth Offenders Act. *See, Watts v. Hadden, supra; Shepard v. Taylor*, 556 F.2d 648, 652 (2d Cir. 1977). The statutorily imposed obligation to determine the distinct needs of the individual offender may not be avoided by the adoption of guidelines establishing such gross standards for decision. *See Geraghty v. U. S. Parole Commission*, 579 F.2d 238 (3 Cir. 1978).

█ If the two year limitation is removed as arbitrary, the only conceivable remaining basis for the refusal to follow the recommendation of the supervising probation officer is an almost obsessional concern with the severity of the offense as determined by the Commission, using information outside of the adjudicated facts. The petitioner does not deny the accuracy of the fact that he was in possession of a large amount of marijuana. Accordingly, this is not a case which presents a constitutional question of a denial of due process in that regard.

What is shown is that the Parole Commission has arrogated the authority of the United States Attorney and the sentencing judge, superimposing its view of what an appropriately punitive disposition should have been in the petitioner's case. It is dissembling for the Commission to deny the recommendation of the supervising probation officer on the ground that he has continued to carry the petitioner's case under the classification of "medium supervision". The supervising probation officer has clearly, unequivocally, and repeatedly given his opinion and recommendation that early termination should be granted to Mr. Bellizzi. To disagree on the basis of a classification label is to exalt form over substance and to denigrate the professionalism of the probation officer.

Simply put, the Parole Commission's decision to deny unconditional release is solely retributive and results from a refusal to recognize the performance of petitioner and the rehabilitative purpose of the Youth Corrections Act. The decision is, therefore, arbitrary, capricious, unreasonable and an abuse of discretion. The remedy is to grant the writ of habeas corpus and to direct the Parole Commission to do its duty. Accordingly, it is

ORDERED that the petition for a writ of habeas corpus is granted; and the respondent Audrey P. Kaslow is ordered and directed forthwith to proceed to discharge the petitioner unconditionally under 18 U.S.C. § 5017(b) and to set aside the conviction by issuing the certificate required under 18 U.S.C. § 5021(a).