Jerry Wayne WATTS, Robert Joseph Allen, Clarence Lloyd Gibon, Brien Douglas Wilson, William F. Nicholson, Lee Arthur Sena, Craig Douglas Hassler, Kenneth Erb, Jr., Thomas R. Wilson, Bryan Lee Michaels, and Ricky Campbell, Petitioners,

v.

John T. HADDEN, Warden, Federal Correctional Institute, Englewood, Colorado; Griffin Bell, Attorney General of the United States, Bureau of Prisons; Audrey Kaslow, Commissioner, U. S. Parole Commission, Respondents.

Civ. A. Nos. 78–M–495, 78–M–584, 78–M–618, 78–M–619, 78–M–633, 78–M–669, 78–M–715, 78–M–752, 78–M–889, 78–M–1116 and 79–M–12.

United States District Court,
D. Colorado.

May 21, 1980.

See also D.C., 469 F.Supp. 223.

Daniel J. Sears, Federal Public Defender, Denver, Colo., for petitioners.

Joseph F. Dolan, U. S. Atty., Jerre W. Dixon, Asst. U. S. Atty., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

In a memorandum opinion and order entered on April 20, 1979, I made a detailed comparison of the mandatory provisions of the Youth Corrections Act (YCA) with the actual experiences of persons sentenced under the provisions of that act who were confined as inmates of the Federal Correctional Institution (FCI) at Englewood, Colorado. That memorandum opinion also included a comparison of the policy and practices of the United States Parole Commission with the language of the YCA.

The resulting conclusion was that both the Bureau of Prisons and the Parole Commission routinely and systematically failed to follow the explicit statutory requirements applicable to all persons sentenced under the YCA. Because of an inability to distinguish between those matters which are within the discretionary authority of the Bureau of Prisons, and those which could be compelled as clearly defined duties, I could not construct a specific remedy and, accordingly, the Bureau of Prisons was ordered to submit a plan for implementation of the YCA requirements for the named petitioners. Such a plan was submitted and accepted with respect to its provisions for classification and treatment programs. The plan was found to be inadequate in its

failure to provide for complete segregation of YCA inmates. Upon the stipulated request of all parties, a determination was made that there was no just reason for delaying the entry of a final judgment on that issue under the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and a judgment was entered. A timely notice of appeal has been filed and that appeal is pending.

In the memorandum and order of April 20, 1979, I directed that the Parole Commission provide information concerning each of the named petitioners, and a detailed response to that order was submitted on October 10, 1979.

On January 30, 1980, the respondents moved to dismiss, as moot, the petitions of those who had been released from confinement. The possibility that mootness might permit these issues to escape review caused me to reconsider the petitioners' motion for class certification, and I did change this proceeding into a class action by an order entered on May 20, 1980.

The evidence which is before me in this proceeding shows that the named petitioners are representatives of the class which has been certified in this case as to the following actions regularly and routinely taken by the Parole Commission on cases where confinement was ordered under the Youth Corrections Act:

1. The failure to obtain and use for each committed youth offender a complete classification study, including a mental and physical examination, of the type explicitly required by 18 U.S.C. § 5014, and as described in the plan for implementation submitted by the Bureau of Prisons on August 31, 1979.

2. The failure to consider the inmate's response to treatment programs and the use of guidelines which consider only the relative severity of past criminal conduct in determining the time for conditional release.

3. The failure to obtain and use periodic examinations and reports as required by 18 U.S.C. § 5016. The present practice of conducting an initial hearing within approximately three months of confinement and then deferring further consideration until the statutory time of 18 months or 24 months as required for adult offenders under 18 U.S.C. § 4208(h), is inadequate and not in compliance with the requirements of the YCA. While the YCA does not contain specific time limitations, provision for periodic reports in the Bureau of Prisons plan submitted on August 31, 1979 is sufficient and a review of the inmate's institutional progress on a corresponding schedule would meet the statutory requirements imposed on the Parole Commission as well.

4. The failure to consider the unconditional discharge of a youth offender at the expiration of one year from the date of conditional release as authorized by 18 U.S.C. § 5017(b). The commissioner's requirement of two years of "clean supervision" after conditional release is an improper application of the provisions of 18 U.S.C. § 4211(b). That section applies only to adult sentences. It is inconsistent with the YCA. *See Bellizzi v. Kaslow*, 484 F.Supp. 868 (D.Colo.1980).

These failures to follow the mandatory requirements of the YCA must be remedied by court order. As previously noted, this class action was initiated by petitions for habeas corpus under 28 U.S.C. § 2241. While it is apparent that the representative petitioners and all members of the class have been confined under conditions which are in violation of the plain language of the Youth Corrections Act, and while the Parole Commission has failed to follow those explicit requirements in making determinations as to conditional release and unconditional discharge, it would be too drastic to grant writs of habeas corpus for all members of the class which I have certified. 28 U.S.C. § 2243 gives the Court the power to dispose of the matter "as law and justice require."

What is now required is an order or mandate to the respondent Parole Commission to correct the failures set forth in this mem-

orandum opinion. Such an order would be consistent with the mandamus jurisdiction of this court under 28 U.S.C. § 1361, and as a remedy for arbitrary and capricious agency action. *Snyder v. U.S. Board of Parole*, 383 F.Supp. 1153 (D.Colo.1974). Accordingly, it is now

ORDERED that the United States Parole Commission shall within ninety (90) days from this date, take such action as shall be necessary and required to correct the foregoing failures to comply with the mandatory provisions of the Youth Corrections Act.