Argued March 5, affirmed April 8, 1970

ROSE ᴇᴛ ᴜx, *Respondents, v.* ETLING,
*Appellant.*
467 P. 2d 633

*Brian W. O'Brien,* Portland, argued the cause and filed a brief for appellant.

*Henry G. Campbell, Jr.,* Eugene, argued the cause for respondents. With him on the brief was Victor C. Pagel, Eugene.

TONGUE, J.

This is a mandamus proceeding to require a change of venue from the District Court of Multnomah County to the District Court of Lane County in an action on a retail installment sales contract. In that action, brought by the Bonded Credit Corporation, the defendants, who were the purchasers under that contract, resided and were served in Lane County.

The contract provided that:

"Purchaser hereby consents * * * to the laying of venue in Multnomah County * * * at the option of secured Party. * * * Purchaser * * * waives the right to move for change of venue."

A motion for change of venue in that action was denied by Judge Etling, after which this proceeding was filed in the Circuit Court of Multnomah County. By

answer to the alternative writ of mandamus the foregoing contract provisions were alleged as a defense. The court, however, sustained a demurrer to that answer, holding that such a contract provision was invalid by reason of ORS 83.160.

ORS 83.160 is part of a statute adopted in 1963 relating to retail installment sales of goods and services and provides that:

"No act or agreement of the retail buyer before or at the time of making of a retail installment contract, retail charge agreement or purchases thereunder shall constitute a valid waiver of * * * any remedies granted to the buyer by law."

Even in the absence of such a statute, it would appear that most courts have held that contract provisions under which one party agrees to waive the benefits of venue statutes relating to the place of trial of a cause of action which has not yet arisen are invalid as against public policy, although some courts have held to the contrary, depending upon the particular contract and statutory provisions involved.[1] It is held, however, that even though venue may be a privilege which can be waived, it may not be contracted away in the face of a statute prohibiting such a contract.[2]

[1] See cases collected in 56 ALR2d 300 at 306. See also 56 Am Jur 45, Venue, § 41. For contra cases, see: Electrical Products Consolidated v. Bodell, 132 Mont 243, 316 P2d 788 (1957); Schwabacher Bros. & Co. v. Superior Court, 61 Wash 681, 112 P 927 (1911); Mangham v. Gold Seal Chinchillas, Inc., 69 Wash 2d 37, 416 P2d 680 (1966); State ex rel Kuhn v. Luchsinger, 231 Wis 533, 286 NW 72 (1939); and Texas Moline Plow Co. v. Biggerstaff, (Tex Civ App) 185 SW 341 (1916), among other cases. See also 69 ALR2d 1324; Restatement of the Law of Contracts, § 558 (but see Restatement of the Law of Conflict of Laws, § 317, comment (a) and 6 Utah LR 128 (Note).

[2] Sherman v. Pere Marquette Ry Co., 62 F Supp 590, at 593 (ND Ill 1945), discussing similar problem under Federal Em-

Appellant contends that "the right to change venue is only a personal privilege and may be waived"; that "remedies are either the means to enforce a right or to defend a claim in place of an original right which has been broken or an original duty unperformed"; that "a person may lawfully waive by agreement the benefit of a statutory provision"; that "venue is a proper subject of contract and contractual provisions laying venue are enforceable"; and that "public policy requires that contracts to do a particular thing which may be lawfully done or omitted shall be enforced by the court unless some other overpowering rule of public policy intervenes which renders such agreement illegal or unenforceable."[3]

Thus, appellant very properly concedes that a defendant may have a "right" to a change of venue; that "remedies" may be the "means to enforce a right"; and that there may be some "overpowering rule of public policy" which "renders illegal" an agreement to waive such "rights" and "remedies."[4]

By ORS 83.160 the Oregon Legislature has made

---

ployers' Liability Act. See also Duncan v. Thompson, 315 US 1, 62 S Ct 422, 86 L ed 575 (1941) and 47 Col LR 498 (Note).

[3] Appellant also contends that although Washington has a statute identical to ORS 83.160, that state "follows the rule that venue is a proper subject of contract and is an enforceable provision of the contract", citing Schwabacher Bros. & Co. v. Superior Court, *supra,* and Mangham v. Gold Seal Chinchillas, Inc., *supra.* Neither of those cases discussed or undertook to interpret or apply provisions of the similar Washington statute, but stand only for the minority view on the general subject of contract provisions which undertake to waive venue.

[4] It is thus significant that under the Commercial Code, as adopted in 1961, it had been previously provided in ORS 71.2010 (36) that " 'rights' include remedies" and by 71.2010(34) that " 'Remedy' means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal."

clear the public policy of this state on the subject of retail installment contracts by expressly providing that "no * * * agreement of the retail buyer * * * at the time of the making of a retail installment contract * * * shall constitute a valid waiver of * * * any remedies granted to the buyer by law."[6]

In addition, it is the law of Oregon, by reason of ORS 14.110(a), that a defendant in an action to enforce a contract who resides and is served in one county with a copy of a complaint filed against him in another county has a right to have that action tried in the county where he resides and was served. This is of particular importance to an installment contract purchaser, who may live over 200 or 300 miles from Portland and yet be required to defend himself in Multnomah County in an action for any alleged breach of the contract, if a provision such as the one involved in this case is valid and enforceable.

■■ Even though the right of a defendant to a change of venue has been described as a "personal privilege," it is nevertheless a "right". *Mutzig v. Hope,* 176 Or 368, 397, 158 P2d 110 (1945). Furthermore, this court has expressly recognized that a motion by defendant for a change of venue is the defendant's only "remedy" to enforce such a "right". *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 382, 362 P2d 364 (1961).

■■ It follows, by application of the provisions of ORS 83.160, that an agreement by a " 'retail buyer' at the time of the making of a retail installment contract"

---

[6] Among the probable reasons of public policy underlying such statutes are the need to protect an installment contract purchaser from possible "economic coercion" by a "litigation-wise large company", and the probable "inequity of knowledge" between such contracting parties. Cf. 19 Mont LR 165, at 166-67.

which purports to consent to the laying of venue in any particular county and to waive the purchaser's right to move for change of venue is invalid as an attempted agreement to waive a "remedy granted to the buyer by law." This result is also consistent with the general rule that statutes relating to the right to change the venue of actions filed in the wrong place are to be liberally construed so as to attain the objectives of such statutes.[⑨]

Affirmed.

---

[⑨] See cases cited in 56 Am Jur 30 and 47, Venue §§ 28 and 42.