Submitted December 6, 1971, affirmed April 4, petition for
rehearing denied May 10, 1972

REEVES, *Appellant, v.* THE CHEM INDUSTRIAL
COMPANY, *Respondent.*

495 P2d 729

96

Donald H. Coulter and Myrick, Coulter, Seagraves & Nealy, Grants Pass, for appellant.

No appearance for respondent.

DENECKE, J.

The issue is whether the Oregon plaintiff can maintain a contract action in Oregon against the defendant, an Ohio corporation.

The parties contracted that plaintiff would act as defendant's distributor in southern Oregon and northern California. Plaintiff filed a complaint alleging defendant had failed to perform its contractual obligations and asked for the return of the amounts of money plaintiff had paid defendant. Defendant's registered agent was personally served in Ohio. Defendant moved to quash and dismiss and the trial court granted the motion. Plaintiff appeals.

The defendant urged two grounds for its motion: (1) that the cause of action alleged by plaintiff did not arise out of "[t]he transaction of any business within this state" and, therefore, jurisdiction could not be obtained under the long-arm statute, ORS 14.035(1) (a); and (2) that the parties had contracted that any litigation arising out of the contract would be brought in the courts of Ohio.

We hold that this contractual provision is enforceable and because of it the trial court was correct in dismissing the cause.

The contract provides: "It is agreed that the laws of the State of Ohio shall govern without reference to the place of execution or performance of same. Any and all legal action must be transacted or brought in the courts of Cleveland, Ohio."

This court has held that an agreement to confer exclusive jurisdiction upon the courts of a particular jurisdiction is void. *State ex rel Kahn v. Tazwell,* 125 Or 528, 543, 266 P 238, 59 ALR 1436 (1928):

> "The stipulation of the parties contained in the contract of insurance is contrary to public policy and void. The law prescribed the jurisdiction of our courts and it cannot be diminished or increased by the convention of the parties. The stipulation is in effect a legal opinion of the parties that only 'the Courts of Karlsruhe' are competent for the fulfillment of the contracts. * * *."①

That statement correctly reflected the state of the law at the time. Annotation, 56 ALR2d 300 (1957), "Validity of contractual provision limiting place or court in which action may be brought." The present trend of the law, however, with good reason, is to the contrary.

1 Restatement, Conflict of Laws (Second), as adopted by the American Law Institute in 1969, provides in § 80:

> "The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable."

The comment states:

> "* * * And the fact that the action is brought

_____

① Rose v. Etling, 255 Or 395, 467 P2d 633 (1970), held a contract clause fixing venue was unenforceable; however, this decision was based on a consumer protection law, ORS 83.160.

in a state other than that designated in the contract affords ground for holding that the forum is an inappropriate one and that the court in its discretion should refuse to entertain this action. Such a provision, however, will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the particular action. On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable."

The reporter for this Restatement, Professor Willis L. M. Reese, wrote, before the adoption of the Restatement by the American Law Institute: "Choice of forum clauses should *prima facie* be valid and enforceable. The burden should be upon the party who brings suit elsewhere than in the selected state to persuade the court that enforcement of the choice of forum clause would be unjust." 13 American Journal of Comparative Law, 187, 189 (1964).

Judge Leflar in American Conflicts Law, 115 (1968), states: "The modern cases say that contracts limiting judicial jurisdiction will be respected if there is nothing unfair or unreasonable about them, but they will be disregarded if they are unfair or unreasonable."

In 1962 Professor Ehrenzweig in Conflict of Laws, 152 (1962), wrote: "It would seem likely, therefore, that the compromise, long fore-shadowed in both English and American case law (supra), and now expressly adopted by the Second Circuit, will gradually become general law." The Second Circuit holding to which he referred is *Wm. H. Muller & Co. v. Swedish American Line Ltd.*, 224 F2d 806, 808 (2d Cir 1955),

cert den 350 US 903, 76 S Ct 182, 100 L Ed 793, 56 ALR2d 295. The court there held: "* * * [I]n each case the enforceability of such an agreement [stating in what jurisdiction litigation is to be carried on] depends on its reasonableness."

*National Equipment Rental v. Szukhent,* 375 US 311, 84 S Ct 411, 11 L Ed2d 354 (1964), is basically in accord with the Second Circuit decision. The majority grounded its decision upon an interpretation of the Federal Rules of Civil Procedure. The plaintiff, a New York corporation, sued the defendants, Michigan residents, in a New York federal court, claiming that the defendants had defaulted on a farm equipment lease. The lease provided that the defendants appoint one Florence Weinberg, of New York, as their resident agent for the acceptance of service of process in New York. Service was made upon her and she promptly notified defendants. The Court observed concerning the lease provision appointing Weinberg as resident agent: "The purpose underlying the contractual provision here at issue seems clear. The clause was inserted by the petitioner and agreed to by the respondents in order to assure that any litigation under the lease should be conducted in the State of New York." 375 US at 315. The majority held the clause valid and enforceable.

*Central Contracting Co. v. Maryland Casualty Co.,* 367 F2d 341 (3d Cir 1966), and *Central Contracting Co. v. C. E. Youngdahl & Co.,* 418 Pa 122, 209 A2d 810 (1965), are two other decisions expressly holding such clauses enforceable. The reporter's note to § 80, Restatement, Conflict of Laws (Second), contains additional decisions reaching the same result.

*Beirut Universal Bank v. Superior Court,* 268 Cal

App2d 832, 74 Cal Rptr 333 (1969), is a recent decision to the contrary. The opinion does not discuss the merits or demerits of the issue.

■ Despite the obvious trend in the law as exhibited by the decisions from other jurisdictions and the opinions of the scholars in the field, we should adhere to our case law if it is supported by plausible reasons. We have found, however, no logical support for our past statement. The paucity of reasoning behind the old stated principle is catalogued by Professor Reese, 13 American Journal of Comparative Law, 188, supra:

> "The reasons stated by the courts for denying effect to choice of forum clauses are unconvincing. By and large, the courts have contented themselves with saying either (1) that the parties cannot by their agreement oust a court of jurisdiction, or (2) that to allow the parties to change the rules relating to the place where suit may be brought would 'disturb the symmetry of the law' and lead to inconvenience, or (3) simply that choice of forum provisions are against public policy. The last of these reasons does no more than state a conclusion without any attempt at explanation. The second— that the parties should not be permitted to tamper with rules relating to the place of suit—also falls wide of the mark. There are in fact no rules, other than those concerned with jurisdiction, which determine whether suit should be brought in one state rather than in another. As to the first reason, it is, of course, true that the parties cannot by their agreement oust a court of jurisdiction. But a court is not always required to exercise such jurisdiction as it may possess. Courts often refuse to hear a case because of *forum non conveniens* considerations. Why cannot they likewise dismiss a suit on the ground that it was not brought in a forum selected by the parties?"

■ As previously stated, a contractual clause

agreeing on an exclusive forum will not be enforced if it is determined to be unfair or unreasonable. Clauses in contracts which are now termed contracts of adhesion, "i.e., a 'take-it-or-leave-it' — contract and was the product of unequal bargaining power between the parties," are in this category. Reese, supra, at 188. Insurance contracts may be adhesion contracts. *State ex rel Kahn v. Tazwell,* supra (125 Or 528), involves an insurance contract which provided that litigation must be had in Karlsruhe (Germany). With such evidence we would probably hold today that such a clause was unenforceable because it was unfair and unreasonable. For this reason we are not overruling the decision in *State ex rel Kahn v. Tazwell,* supra (125 Or 528), but we no longer endorse the proposition that such clauses are void.

The plaintiff introduced no evidence nor made any contention that the clause was unfair or that its enforcement was unreasonable.

■ It should be understood that we are not holding that such clause "ousted" the Oregon court from jurisdiction. We are not deciding whether Oregon had jurisdiction under the long-arm statute. We are holding that if Oregon has jurisdiction the Oregon court nevertheless will dismiss the action because the contract clause agreeing upon the courts of Cleveland, Ohio, as the place for litigation over the contract is valid and should be enforced. This conclusion is reached because there is no evidence that the clause is unfair or enforcement would be unreasonable.

Affirmed.

TONGUE, J., dissenting.

The majority would affirm the dismissal of the

complaint in this case upon a ground completely different from that relied upon by the trial court.

The trial court granted defendant's motion to quash upon the ground that "the matters alleged in the complaint do not bring the defendant within the category of persons doing business within the State of Oregon." In appealing from that decision plaintiff contends, as an assignment of error, that the court erred in dismissing the case for want of jurisdiction upon that ground.

The majority, however, would not decide that question, but would base its opinion upon a discussion of the application of a contract provision between the parties which purports to confer exclusive jurisdiction upon the courts of Ohio. The majority concludes its opinion by saying that:

"The plaintiff introduced no evidence nor made any contention that the clause was unfair or that its enforcement was unreasonable."

The majority then affirms the dismissal of the complaint

"in the absence of any substantial finding that the clause was unfair and enforcement would be unreasonable."

The obvious reason why plaintiff made no such contention and introduced no such evidence is that until the decision by the majority in this case it had been the established law of Oregon, as stated in *State ex rel Kahn v. Tazwell*, 125 Or 528, 266 P 238, 59 ALR 1436 (1928), that a contract provision conferring exclusive jurisdiction upon the courts of another state is contrary to public policy and void.

Although defendant, in the affidavit and memorandum in support of its motion to quash, made

reference to that contract provision, the primary thrust of defendant's motion, and of all of the cases cited in its supporting memorandum, was that defendant was not doing business in Oregon. No contention whatever was made by defendant, either in the trial court or on this appeal, that the contract clause was valid and enforceable in the absence of a showing that it would be unfair and unreasonable to plaintiff to enforce such a provision of the contract, as would now be the law of Oregon under the majority opinion.

Under these circumstances, and while I do not necessarily disagree with the learned exposition of the law relating to such contract provisions, as set forth in the majority opinion, I would remand this case to the trial court in order that plaintiff may have an opportunity to offer evidence on this question. In my judgment, while a contract provision conferring exclusive jurisdiction upon the courts of Washington and California might not be unfair to an Oregon resident, a provision under which a private citizen of Oregon would be required to go over 2,000 miles to Ohio to litigate a claim against a corporation such as the Chem Industrial Company may well be unfair and unreasonable, particularly if most of the witnesses also reside in Oregon.

At the least, I would set this case for re-argument in order that plaintiff may be heard on this question before undertaking to change the law on this subject.①

---

① See dissenting opinions in State Construction Corp. v. Scoggins, 259 Or 371, 485 P2d 391 at 400 (1971), and Chaney v. Fields Chevrolet Co., 92 Adv Sh 913 at 922, 258 Or 606, 484 P2d 824 at 828 (1971). See also Vestal, "Sua Sponte Consideration in Appellate Review," 27 Ford L Rev 477 (1959).