**COLONIAL LEASING COMPANY OF NEW ENGLAND, INC., a Massachusetts corporation, dba Colonial-Pacific Leasing Company, Plaintiff,**

v.

**Harold BEST, individual, and H.B. Best, Inc., dba Harold's Service Center, Defendant.**

Civ. No. 82–549.

United States District Court, D. Oregon.

Oct. 28, 1982.

James D. Huegli, Charles R. Markley, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for plaintiff.

Charles P. Starkey, Weiss, Derr & DesCamp, Portland, Or., for defendant.

OPINION

REDDEN, Judge:

The plaintiff is the lessor of certain equipment to an automobile mechanic in St.

Louis, Missouri and sues in Oregon for the deficiency allegedly owing on the lease. The lease contains a clause by which the defendant lessee purportedly consents to Oregon jurisdiction in any suit on the lease. That clause reads as follows:

22. CHOICE OF LAW. Choice of Laws. This Lease shall be considered to have been made in the State of Oregon, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the constitution, statutes, judicial decisions, and administrative regulations of the State of Oregon. Lessees waive all right to a trial by jury in any litigation relating to any transaction under this agreement.

Lessee hereby designates _____ as its agent for the purpose of accepting service of process within the State of Oregon and further agrees to arrange for any transmission of notice of such service of process from said agent to Lessee as Lessee deems necessary or desirable. Lessee consents to Oregon jurisdiction in any action, suit or proceeding arising out of the Lease, and concedes that it, and each of them, transacted business in the State of Oregon in entry into this lease. In the event of suit enforcing this Lease, Lessee agrees that venue may be laid in the county of Lessor's address below.

The line to be used for the designation of an agent for service is not filled in on the lease. The clause is at the bottom of the second page of the lease and is in fine print.

This is not a true forum selection clause, but a clause by which the defendant consented to Oregon jurisdiction. The clause does not prevent suit in Missouri where the cause of action may have arisen. *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 957 (5th Cir.1974). The clause by its terms does not prevent transfer of venue of this case to Missouri; it merely provides that venue "may" lie in Oregon.

Defendant asserts that this clause is unconscionable, in that it was inserted into a contract of adhesion, was not negotiated, was in fine print, and was not understood by the unsophisticated defendant when he signed the lease. Defendant asserts that this case should be dismissed for want of jurisdiction over the person of defendant.

Defendant submitted an affidavit with his motion. The defendant's affidavit states in essence that he is an auto mechanic in Missouri, that he thought he was dealing with a company from New York, not Oregon, that he signed certain documents which he believed were financing agreements and did not realize that he could be sued in Oregon as a result of signing the agreements. Since the plaintiff has not controverted any of these facts by affidavit or otherwise, there are no material issues of fact in dispute.

If the choice of laws clause did not appear in the contract, Missouri law would apply because the contract was made in Missouri and was intended to be performed in Missouri. If Missouri law were applied the clause would be invalidated without further inquiry, since such clauses are void under Missouri law. *State of Missouri ex rel. Gooseneck v. Barker,* 619 S.W.2d 928, 929 (Mo.Ct.App., 1981) (Such a clause is void as against public policy; contrary interpretation of Missouri law as applied by federal courts in Missouri disapproved).

■ However, in this case the clause would be invalidated under Oregon law as well, and therefore I am not called upon to decide a "true" conflict of laws question, because the laws of the two states will lead to the same result. In Oregon, a clause such as the one at issue is not void *per se,* but will be given effect if not "unfair or unreasonable," *Reeves v. Chem. Ind. Co.,* 262 Or. 95, 101, 495 P.2d 729 (1972). The standard of "unfair or unreasonable," which has been enunciated by the Oregon Supreme Court in *Reeves,* is designed to invalidate clauses such as the one in question here, which is an adhesion contract in which the clause is not negotiated by the parties or is the result of unequal bargaining power:

As previously stated, a contractual clause agreeing on an exclusive forum will not be enforced if it is determined to be unfair or unreasonable. Clauses in

contracts which are now termed contracts of adhesion, "i.e., a 'take it or leave it'—contract and was the product of unequal bargaining power between the parties," are in this category. *Reeves, supra,* at 101, 495 P.2d 729, *quoting* Professor W. Reese, 13 American Journal of Comparative Law 187, 188 (1964). Significantly, the Oregon Supreme Court pointed to the precedent of *State ex rel. Kahn v. Tazwell,* 125 Or. 528, 266 P. 238 (1928), as one containing a clause which would probably be invalidated under this standard. *Reeves, supra,* at 101, 495 P.2d 729. The clause in *Kahn* was contained in an insurance contract entered into in Germany. The insurance company in question was located in Karlsruhe, Germany, and inserted this clause into the insurance contract:

> For the fulfillment of this contract only the courts of Karslruhe are competent; as the legal domicile of the company is agreed upon [as] its office at Karlsruhe and for the insured or his legal successor the place mentioned in the application for insurance...

125 Or. 532, 266 P. 238.

The Oregon Supreme Court in *Kahn* (1928) held that this clause was void; the Oregon Supreme Court in *Reeves* (1972) pointed to this clause as one which it would probably invalidate under the "unfair or unreasonable" standard. This is in accord with the analysis of Judge Leflar in his treatise on conflicts of law, which the Oregon Supreme Court in *Reeves* quotes as authoritative, *Reeves, supra* at 98, 495 P.2d 729:

> Choice-of-forum contract provisions are today generally regarded as neither absolutely binding nor absolutely void, but rather as factors which help a court to exercise its discretion on a reasonable basis as to whether its legally existent jurisdiction ought to be exercised. *The modern cases say that contracts limiting judicial jurisdiction will be respected if there is nothing unfair or unreasonable about them, but will be disregarded if they are unfair or unreasonable.* They are more likely to be sustained if they relate to disputes already arisen or contemplated, but that is not a rigid limitation. They are less likely to be sustained if they appear in adhesion contracts prepared in advance by one of the parties, and will generally be disregarded if genuine inconvenience or inadequacy of remedy would ensue from them.

Leflar, *American Conflicts Law* 3rd Ed. 1977, pp. 100–101 (Footnotes omitted; emphasis added to reflect parts of passage actually quoted by the Oregon Supreme Court in *Reeves.*) Thus, the analysis under Oregon law is essentially similar to the analysis of the United States Supreme Court in construing such clauses in admiralty cases, *see The BREMEN v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Applying these precedents, it is clear that the clause in question in this case is "unfair or unreasonable," and will be disregarded.

■ As is evidenced by the defendant's affidavit, which is not challenged by plaintiff, there was in fact no bargaining on the clause in question. It was contained in a form contract, in fine print, at the bottom of a page. The defendant had no knowledge of the meaning of the clause. The parties left blank the line on the contract for the appointment of an agent for service of process in Oregon. Since the form contract will be interpreted most strongly against the plaintiff, *see Meskimen v. Larry Angell,* 286 Or. 87, 93, 592 P.2d 1014 (1979) (Ambiguities in contract interpreted against preparer of contract) *accord, Rizal Comm. Banking Corp. v. Putnam,* 429 F.2d 1112, 1117–8 (9th Cir.1970), it may be that the parties' failure to appoint such an agent should be interpreted as an intent to void the entire clause. I need not so hold, however, because the clause was manifestly *not* bargained for by the parties, unequally or otherwise. This was exactly the sort of "take-it-or-leave-it" clause in a contract of adhesion which the Oregon Supreme Court in *Reeves* has indicated would be disregarded, *Reeves, supra,* at 101, 495 P.2d 729, under the "unfair or unreasonable" test for forum selection clauses. I will emphasize,

however, that the test for the validity of a forum clause, "unfair or unreasonable," is easier to satisfy than the defenses of duress or unconscionability as to the *substantive* terms of a contract of adhesion. *Kolendo v. Jerell,* 489 F.Supp. 983, 985 (S.D.W.Va. 1980). I have no evidence before me as to whether the substantive terms of the contract could be invalidated on that ground. *See* § 2–302, Uniform Commercial Code; *Williams v. Walker-Thomas Furniture Co.,* 350 F.2d 445 (D.C.Cir.1965); *Bowl-Opp v. Bayer,* 255 Or. 318, 322–3, 458 P.2d 435 (1970); Leff, *Unconscionability and The Code—The Emperor's New Clause,* 115 U.Pa.L.Rev. 485 (1967). In light of my disposition of this case, I will not reach that issue. Since the forum selection clause is invalid and the plaintiff has not urged any other basis for a finding of personal jurisdiction over the defendant, this case will be dismissed. *Data Disc v. Systems Technology,* 557 F.2d 1280, 1286–7 (9th Cir.1977).