735 F.2d 380
 COLONIAL LEASING COMPANY OF NEW ENGLAND, INC., etc.,
Plaintiff/Appellant,
v.
PUGH BROTHERS GARAGE, Eugene Pugh and John Pugh,
Defendants/Appellees.
COLONIAL LEASING COMPANY OF NEW ENGLAND, INC., etc.,
Plaintiff/Appellant,
v.
Harold BEST, etc., and H.B. Best, Inc., etc., Defendants/Appellees.
COLONIAL LEASING COMPANY OF NEW ENGLAND, INC., Plaintiff/Appellant,
v.
Edward H. JONES, Jr., etc., Defendant/Appellee.
 Nos. 83-4033 to 83-4035.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1984.
Decided June 18, 1984.
 
 Ridgway K. Foley, Jr., Mildred J. Carmack, Allan M. Muir, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for plaintiff/appellant.
 Marilyn S. Bright, Atlanta, Ga., Charles P. Starkey, Weiss, Derr & DesCamp, James G. Rice, Wolf, Guthrie, Rice & Gordon, Portland, Or., for defendants/appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before KENNEDY and FERGUSON, Circuit Judges, and INGRAM,* District Judge.
 FERGUSON, Circuit Judge:
 
 
 1
 These three cases were consolidated for appeal. In each case, Colonial Leasing Company of New England, Inc. (Colonial) filed a complaint for breach of a leasing agreement against a lessee in another state. In each case, Colonial asserted personal jurisdiction over the defendant on the basis of a forum selection clause which was part of Colonial's standard form lease agreement. The district court dismissed all three actions for lack of personal jurisdiction on the ground that it would be unfair and unreasonable to enforce the forum selection clause under the facts of each case. We affirm.
 
 FACTS
 
 2
 Colonial is a Massachusetts corporation having its principal place of business in Oregon. Colonial purchases equipment from manufacturers and vendors and leases it to businesses in Oregon and other states.
 
 
 3
 The defendants Pugh Brothers Garage, Eugene Pugh and John Pugh (Pugh Bros.) are citizens of Georgia who operate an auto repair business in Georgia. In 1980, Pugh Bros. contacted Major Muffler, Inc., a New York corporation, through Major Muffler's Atlanta, Georgia representative, to obtain a pipe-bending machine and other equipment. At Major Muffler's request, Pugh Bros. filled out a financial statement which Major Muffler submitted to Colonial. Colonial approved the lease application, and agreed to purchase the equipment from Major Muffler and lease it to Pugh Bros. Major Muffler informed Pugh Bros. that the leasing company had approved the application. Major Muffler shipped the pipe-bending machine to Pugh Bros. from Alabama. Colonial then sent Pugh Bros. the lease agreement and began billing Pugh Bros. monthly from Oregon. Pugh Bros. thought that they were dealing with Major Muffler, a New York corporation, and had no idea Colonial was involved. The standard form lease which they signed included in small print on the back a clause which provided:
 
 
 4
 22. CHOICE OF LAW. Choice of Laws. This Lease shall be considered to have been made in the State of Oregon, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the constitution, statutes, judicial decisions, and administrative regulations of the State of Oregon. Lessees waive all right to a trial by jury in any litigation relating to any transaction under this agreement.
 
 
 5
 Lessee hereby designates __________ as its agent for the purpose of accepting service of process within the State of Oregon and further agrees to arrange for any transmission of notice of such service of process from said agent to Lessee as Lessee deems necessary or desirable. Lessee consents to Oregon jurisdiction in any action, suit or proceeding arising out of the Lease, and concedes that it, and each of them, transacted business in the State of Oregon in entry into this Lease. In the event of suit enforcing this Lease, Lessee agrees that venue may be laid in the county of Lessor's address below.
 
 
 6
 This clause was not negotiated nor discussed by the parties. No agent was designated for service of process. Pugh Bros. did not know that they could be sued in Oregon as a result of that clause.
 
 
 7
 The defendant Edward H. Jones, Jr., dba Jones Sav'n Sams (Jones), is a citizen of Nevada. In December, 1979, Jones obtained a pipe-bending machine from Major Muffler Centers, Inc. The circumstances of the transaction were similar to those in the Pugh Bros. case. Jones thought that he was dealing with a company from New York.
 
 
 8
 The defendant Harold Best and H.B. Best, Inc., dba Harold's Service Center (Best), is a citizen of Missouri. In 1979, Best contacted Major Muffler to purchase a pipe-bending machine. The circumstances of the transaction were similar to those between Pugh Bros. and Colonial. Best also thought he was dealing with a New York corporation.
 
 
 9
 Each of the defendants eventually defaulted under the lease agreement. On March 24, 1982, Colonial filed a complaint against Pugh Bros. for breach of the equipment lease contract. Pugh Bros. moved to dismiss for lack of jurisdiction; the district court granted the motion and entered judgment in favor of Pugh Bros. On April 21, 1982, Colonial filed complaints against Best and Jones for breach of the equipment lease contracts. The district court granted Best's motion to dismiss for lack of subject matter jurisdiction. Jones' motion to dismiss was denied, and the court eventually granted summary judgment in favor of Colonial.
 
 
 10
 Colonial moved for reconsideration in the Pugh Bros. and Best cases; the court ordered Colonial to show cause why the judgment in its favor in the Jones case should not be vacated. These cases were consolidated and referred to District Judge Gus J. Solomon. Judge Solomon examined the records and conducted a hearing at which Colonial's witnesses presented testimony and were cross-examined. The parties also filed briefs and affidavits.
 
 
 11
 Judge Solomon dismissed all three actions for lack of personal jurisdiction on the ground that it would be unfair and unreasonable to enforce the forum selection clause under the facts of each case.
 
 DISCUSSION
 1. The Forum Selection Clause
 
 12
 Under Oregon law, a choice-of-forum clause will be given effect unless it would be unfair or unreasonable to do so. Reeves v. Chem Industrial Co., 262 Or. 95, 101, 495 P.2d 729, 732 (1972). See also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972) (forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances").
 
 
 13
 We agree with the district court's analysis in Colonial Leasing Co. v. Best, 552 F.Supp. 605 (D.Or.1982), that the standard of "unfair or unreasonable" is designed to invalidate clauses such as those in question here. The evidence disclosed in each case that there was in fact no bargaining on the clause in question. It was contained in a form contract in fine print at the bottom of a page. The Oregon Supreme Court indicated in Reeves that this sort of take-it-or-leave-it clause will be disregarded. 262 Or. at 101, 495 P.2d at 732.
 
 2. "Minimum Contacts" Jurisdiction
 
 14
 In the alternative, Colonial contends that jurisdiction should lie in Oregon because of the defendants' contacts with Colonial and with Oregon. Colonial asserts that each defendant knowingly and volitionally entered into transactions with Colonial, an Oregon leasing company, each signed at least three documents on which Colonial was designated as "lessor" and on which Colonial's Oregon address was evident, and each maintained continuous contact with Colonial in the form of monthly remittances to Oregon.
 
 
 15
 The plaintiff bears the burden of demonstrating jurisdiction by a preponderance of evidence. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir.1977). A two-part showing is required. First, the forum state must have an applicable statute conferring jurisdiction over nonresidents. Second, the assertion of jurisdiction under such a statute must comport with the constitutional requirements of due process. Id. at 1286.
 
 
 16
 Oregon allows jurisdiction over nonresidents to the fullest extent permitted by state and federal constitutions. Or.R.Civ.P. 4 L (1983). Due process requirements are met if there exist minimum contacts between the defendant and the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). When, as here, a foreign defendant's activities in the state are neither substantial nor continuous and systematic, the exercise of jurisdiction depends upon the nature and quality of the defendant's contacts in relation to the cause of action. This court applies a three-part test:
 
 
 17
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum .... (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.
 
 
 18
 Data Disc, Inc., 557 F.2d at 1287.
 
 
 19
 Each of the defendants asserts that he did not purposefully avail himself of doing business in Oregon. Each contacted a local agent of Major Muffler, a New York corporation, for the purpose of obtaining equipment from that company. The contacts with Oregon were no more than that each of the defendants in his home state signed a contract with a corporation doing business in Oregon and sent some monthly payments to that corporation in Oregon. In a factually similar case involving a breach-of-contract suit brought by the same plaintiff in state court, the Oregon Supreme Court recently ruled that exercise of long-arm jurisdiction would not comport with due process requirements. State ex rel. Jones v. Crookham, 296 Or. 735, 681 P.2d 103 (Or.1984). We agree that on these facts Colonial's assertion of jurisdiction over the defendants cannot be supported. None of the defendants sought or initiated these contacts. The act of making monthly payments to an Oregon plaintiff is insufficient to require a nonresident to litigate a contract action in Oregon. See Jones, at 741, 681 P.2d at 107.
 
 
 20
 The judgment of the district court in each of these cases is AFFIRMED.
 
 
 
 *
 Honorable William A. Ingram, United States District Judge for the District of Northern California, sitting by designation