Argued and submitted October 31, reversed and remanded December 7, 1988

# COLONIAL LEASING COMPANY OF NEW ENGLAND,
dba Colonial-Pacific Leasing Co.,
*Appellant,*

*v.*

# McILROY,
dba McIlroy Chiropractic Clinic,
*Respondent.*

(A8611-07384; CA A46661)

765 P2d 219

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the briefs were James D. Huegli, Schwabe, Williamson & Wyatt and Ridgway K. Foley, Jr., P.C., Portland.

Lawrence B. Hunt, Portland, argued the cause for respondent. With him on the brief was Becker & Hunt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff lessor brought this action against defendant lessee for breach of an equipment lease. The lease provides that lessee agrees "to Oregon jurisdiction" in any action to enforce the lease. Defendant moved to dismiss, asserting that the provision is unenforceable and that, therefore, the court lacked personal jurisdiction over him. Plaintiff moved for partial summary judgment, contending that the provision is enforceable and that defendant had thereby consented to Oregon's jurisdiction. The court allowed defendant's motion, denied plaintiff's and entered a judgment of dismissal. Plaintiff appeals, and we reverse and remand.

Defendant is a chiropractor who resides and practices in Texas. He made arrangements with Basis, Inc., which is also located in Texas, to obtain computer equipment for his business. Basis in turn arranged with plaintiff, which does business in Oregon, to lease the equipment to defendant. The lease is a form contract consisting of one sheet, printed on both sides, and an attached exhibit describing the equipment. The front side of the form is the signature page. That side identifies plaintiff as the lessor and shows that plaintiff's business location is Clackamas, Oregon. It also contains the notation "See reverse side for additional terms and conditions which are a part of this lease." The reverse side contains 18 paragraphs, in print of equal size, including a "choice of law" clause, which provides, *inter alia:*

> "Lessee agrees to Oregon jurisdiction in any action, suit or proceeding arising out of this Lease and concedes that it, and each of them, transacted business in the State of Oregon by entering into this Lease. In the event of legal action to enforce this Lease, Lessee agrees that venue may be laid in Multnomah County, Oregon."

The issue is whether that "choice of forum" provision is enforceable and obliges defendant to submit to an Oregon court's jurisdiction.

In *Reeves v. Chem Industrial Co.,* 262 Or 95, 495 P2d 729 (1972), the court endorsed the enforceability rule espoused by Professor Reese:

> " 'Choice of forum clauses should *prima facie* be valid and enforceable. The burden should be upon the party who brings suit elsewhere than in the selected state to persuade the court

that enforcement of the choice of forum clause would be unjust.' [Reese,] 13 American Journal of Comparative Law, 187, 189 (1964)." 262 Or at 98.

It then said:

"[A] contractual clause agreeing on an exclusive forum will not be enforced if it is determined to be unfair or unreasonable. Clauses in contracts which are now termed contracts of adhesion, 'i.e., a "take-it-or-leave-it"—contract and was the product of unequal bargaining power between the parties,' are in this category. Reese, supra, at 188. Insurance contracts may be adhesion contracts. *State ex rel Kahn v. Tazwell,* [125 Or 528, 266 P 238 (1928)], involves an insurance contract which provided that litigation must be had in Karlsruhe (Germany). With such evidence we would probably hold today that such a clause was unenforceable because it was unfair and unreasonable. For this reason we are not overruling the decision in *State ex rel Kahn v. Tazwell,* supra (125 Or 528), but we no longer endorse the proposition that such clauses are void." 262 Or at 100-01.

*See also Furtick v. Abraham,* 54 Or App 652, 635 P2d 1063 (1981), *rev den* 292 Or 356 (1982).

Plaintiff's lease provisions are not strangers to the judicial system and have not met with previous success in the courts. In *Colonial Leasing Co. v. Pugh Bros. Garage,* 735 F2d 380 (9th Cir 1984), the court considered three consolidated appeals involving a provision that differs only slightly from the present one. It concluded:

"We agree with the district court's analysis in *Colonial Leasing Co. [of New England] v. Best,* 552 F. Supp. 605 (D.Or. 1982), that the standard of 'unfair or unreasonable' is designed to invalidate clauses such as those in question here. The evidence disclosed in each case that there was in fact no bargaining on the clause in question. It was contained in a form contract in fine print at the bottom of a page. The Oregon Supreme Court indicated in *Reeves* that this sort of take-it-or-leave-it clause will be disregarded. 262 Or. at 101, 495 P.2d at 732." 735 F2d at 382.

*See also State ex rel Jones v. Crookham,* 296 Or 735, 737, n 1, 681 P2d 103 (1984).

However, the uncontroverted evidence in this case is different. Although defendant was unaware of the clause when

he signed the lease, the reason for that is that he signed the lease without reading it. He explained in his deposition:

"Q    Dr. McIlroy, you signed the lease. Did you read it?

"A    I didn't read it, I just signed it as a matter of business.

"Q    Is it your habit and custom to sign legal documents or contracts without reading them?

"A    When it's in the course of business I will sign them, when it's just normal business.

"Q    Without reading them?

"A    Normally, I don't read them."

Adler, plaintiff's assistant general counsel, stated in his affidavit:

"On occasions, Colonial Pacific has been requested to modify the jurisdiction and venue clause and in virtually every situation where a request is made, it will do so. Certainly, Colonial Pacific historically will negotiate this clause at the request of the lessee. In the present case, the defendant, the lessee, did not seek to negotiate this or any other term of the lease."

The conclusion which inescapably follows from that evidence is that the jurisdictional provision was not a "take-it-or-leave-it" proposition here. Defendant chose to take it, and plaintiff did not compel that choice. Defendant has not established that enforcement of the provision would be unfair or unreasonable on his adhesion contract theory or any other. The trial court erred in dismissing the action.

We recognize that it may seem anomalous for us to hold that the provision is enforceable, when a similar provision in the same plaintiff's contracts has been expressly held to be unfair or unreasonable in three previous actions and was implicitly treated as unenforceable in another. However, as the Ninth Circuit indicated in *Colonial Leasing Co. v. Pugh Bros. Garage, supra,* the assessment of unfairness or unreasonableness must be made in the light of the evidence and the facts of particular cases.[1] Disparities are possible, because different parties present different evidence and the same party may also present different evidence in different actions. The possibility of disparate results is increased when cases are decided by summary judgment or other pretial motions. The

---

[1] Defendant does not make a collateral estoppel argument.

rules governing them do not allow trial or appellate courts to disbelieve uncontroverted evidence which a factfinder might be free to reject at a trial. *See Tiedemann v. Radiation Therapy Consultants,* 299 Or 238, 701 P2d 440 (1985).

Reversed and remanded.