**Charles E. COMPTON, Plaintiff,**

v.

**A.G. EDWARDS & SONS, INC., a Delaware corporation, and John L. Collins, Defendants.**

**Civ. No. 89–1078–FR.**

United States District Court,
D. Oregon.

Jan. 10, 1990.

Henry Kantor, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff.

Barnes H. Ellis, Stoel Rives Boley Jones & Grey, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

In the matter before the court, defendants, A.G. Edwards & Sons, Inc. (A.G. Edwards) and John L. Collins, move (# 5) to dismiss and, in the alternative, to stay this action pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.

Plaintiff, Charles E. Compton, who is a former customer of A.G. Edwards, a Delaware corporation, and its broker, John Collins, alleges violations of federal and state securities laws, common law fraud, and negligent misrepresentation by Collins in connection with trading in Compton's customer account with A.G. Edwards.

## FACTS

In 1980, Compton opened an account with A.G. Edwards in the State of Arizona at a time when Compton was a resident of the State of Arizona. In early 1986, when Compton was a resident of the State of Oregon, he contacted Collins at the Arizona branch of A.G. Edwards because he knew that Collins was knowledgeable about certain securities that Compton was interested in purchasing. Collins sent to Compton for signature the Customer's Agreement. There was no discussion between Compton and Collins concerning the Customer's Agreement; however, Collins told Compton that he had to sign the Customer's Agreement before his account could be reactivated. Compton signed the Customer's Agreement. All transactions in Compton's account, after it was reactivated, were handled in the branch office of A.G. Edwards in Prescott, Arizona.

## ANALYSIS AND RULING

A.G. Edwards moves the court to dismiss this action on the grounds that venue is not proper. A.G. Edwards relies upon the following provision of the Customer's Agreement signed by Compton on February 7, 1986:

> Any action or proceeding initiated by the undersigned against Edwards, or any of Edwards' officers, directors, agents or employees, arising out of any agreement or the performance or breach of any agreement between the undersigned and Edwards or any account with Edwards or any transaction by the undersigned with or through Edwards, whether seeking damages or otherwise, including any court action ... shall be commenced and otherwise heard ... within the governmental jurisdiction where the branch sales office is or was located from which the account in controversy was handled. The undersigned hereby waives any right it may have to have any such controversy heard or adjudicated by any court, tribunal or other governmental body or self-regulatory organization not sitting in the jurisdiction in which such branch office is located.

Customer's Agreement, p. 3, para. 22.

A.G. Edwards argues that since Compton's customer account was handled at the branch office in Prescott, Arizona, venue is proper only in the State of Arizona under the express terms of the forum selection clause contained in the Customer's Agreement.

Compton does not contest the existence of the forum selection clause in the Customer's Agreement or that forum selection clauses are *prima facie* valid and enforceable. Compton argues only that under the

circumstances of this case, enforcement of the forum selection clause would be unreasonable. Compton argues that the forum selection clause is unreasonable because it was a "take-it-or-leave-it" clause. Compton cites the court to *Colonial Leasing Co. v. Best*, 552 F.Supp. 605, 607 (D.Or.1982), in which the Honorable James M. Redden, United States District Judge, found that the contract provision at issue, which was not a true forum selection clause but a clause by which the defendant consented to jurisdiction in the State of Oregon, was invalid and did not allow the court to exercise jurisdiction over the defendant. In *Colonial Leasing Co. v. Pugh Brothers Garage*, 735 F.2d 380 (9th Cir.1984), the Ninth Circuit affirmed Judge Redden and explained:

> Under Oregon law, a choice-of-forum clause will be given effect unless it would be unfair or unreasonable to do so. *Reeves v. Chem Industrial Co.*, 262 Or. 95, 101, 495 P.2d 729, 732 (1972). *See also The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972) (forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances").
>
> We agree with the district court's analysis in *Colonial Leasing Co. v. Best*, 552 F.Supp. 605 (D.Or.1982), that the standard of "unfair or unreasonable" is designed to invalidate clauses such as those in question here. The evidence disclosed in each case that there was in fact no bargaining on the clause in question. It was contained in a form contract in fine print at the bottom of a page. The Oregon Supreme Court indicated in *Reeves* that this sort of take-it-or-leave-it clause will be disregarded. 262 Or. at 101, 495 P.2d at 732.

735 F.2d at 382.

The forum selection clause in this case is not one in which a large corporation doing business in many states attempts to require all customers to litigate in the state where the corporation has its headquarters regardless of where the actions which lead to the litigation took place. This was the case in *Yoder v. Heinold Commodities, Inc.*, 630 F.Supp. 756 (E.D.Va.1986), relied upon by Compton. In *Yoder*, the court explained:

> Routine enforcement of these clauses would undercut the broad reach of a court's personal jurisdiction over corporations that do business in many states. As in the case at hand, where the clause requires the filing of a suit in a distant state it can serve as a large deterrent to the filing of suits by consumers against large corporations.

630 F.Supp. at 759.

The forum selection clause in this case requires the filing of an action in the jurisdiction "where the branch sales office is or was located from which the account in controversy was handled." This forum selection clause relates to the location of the underlying dispute and gives to A.G. Edwards a preference in the common situation in which one party must bear the burden of inconvenience and expense.

In this case, Compton resided in the State of Oregon and affirmatively sought out a broker in the State of Arizona because he felt that that person was knowledgeable about the securities that he was interested in purchasing. Compton placed telephone calls to A.G. Edwards' broker in the State of Arizona and received calls from that broker from the State of Arizona in furtherance of his dealings. Compton sent mail to A.G. Edwards in the State of Arizona and received mail from A.G. Edwards from the State of Arizona in furtherance of his dealings. In fact, all of Compton's brokerage transactions were handled out of the Arizona branch of A.G. Edwards.

The jurisdictional provision of the Customer's Agreement was, in fact, a standard provision. While Compton, an individual, did not have equal bargaining power with A.G. Edwards, a corporation, he specifically sought out a broker with whom he preferred doing business. This is not a take-it-or-leave-it clause because Compton could have purchased securities through A.G. Edwards in the State of Oregon if he had

been unwilling to file any action that arose in the State of Arizona.

The effects of this forum selection clause require that the case be brought where the evidence and witnesses of A.G. Edwards are located rather than where Compton is located. This is not an unreasonable clause because Compton was free to avail himself of the services of A.G. Edwards in the branch office in Compton's state of residence.

The forum selection clause is prima facie valid and enforceable. The court concludes that, under the circumstances of this case, enforcement is not unreasonable or unfair.

Compton asks that in the event the court finds the forum selection clause enforceable, that the court transfer the case to the District of Arizona rather than to dismiss. This is a reasonable request. This action shall be transferred to the District of Arizona.

### CONCLUSION

Defendants' motion to dismiss (# 5) is denied. The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Arizona.