BALMER, J.
**259 This mandamus proceeding arises from a dispute about a contract's forum-selection clause. Trinity Bank-here, the adverse party-loaned money to Apex, a drilling company. Lachner, a part owner of Apex and the relator in this case, signed a personal guaranty of the loan. The personal guaranty, which Trinity drafted, contained a forum-selection clause:
"You agree that any litigation, related to or arising from this guaranty shall be brought only in the City and County of San Francisco, California and you consent to personal jurisdiction in either state or federal court."
Apex defaulted on the loan, and Lachner defaulted on the guaranty. Trinity filed an action in Clackamas County Circuit Court asserting separate breach of contract claims against Apex (on the loan) and Lachner (on the guaranty). Apex made no appearance, and a default judgment was entered against it. Lachner filed a motion to dismiss the action against him under ORCP 21 A(1), because the action was not filed in San Francisco as required by the forum-selection clause. See Roberts v. TriQuint Semiconductor, Inc., 358 Or. 413, 417, 364 P.3d 328 (2015) (party may move to dismiss action under ORCP 21 A(1) based on forum-selection agreement). Neither party disputed the meaning of the forum-selection clause, only whether it should be enforced. The trial court denied the motion, without making any findings or conclusions of law, stating that it "ha[d] discretion in [the] matter." We conclude that the clause should be enforced.
On Lachner's petition, this court issued an alternative writ of mandamus directing the trial court to vacate its order denying Lachner's motion to dismiss and grant that motion, or to show cause why it should not do so. The trial court declined to grant the motion to dismiss, but held another hearing on the motion, considered materials submitted by the parties, and issued written factual findings supporting its denial of the motion. Those findings generally concluded that Oregon was the more reasonable forum. Because the trial court declined to vacate its order and grant **260 the motion to dismiss, the parties proceeded to argument in this court.
As a preliminary matter, Trinity argues that mandamus is not appropriate in this case, because the case can be litigated through trial to a final judgment and Lachner can raise his forum-selection clause issue in an appeal from that judgment. In that respect, Trinity argues, Lachner has a "plain" and "adequate" remedy by means of an appeal. See ORS 34.110 (writ of mandamus shall not issue "in any case where there is a plain, speedy and adequate remedy in *22 the ordinary course of the law"). Trinity's objection is not well taken. This court has held that mandamus is an appropriate mechanism for challenging a trial court's decision not to enforce a forum-selection clause. Roberts , 358 Or. at 417, 364 P.3d 328. When the decision not to enforce a forum-selection clause falls outside the trial court's permissible range of discretion, i.e. , when the law compels a single course of action, a party may challenge a trial court's contrary decision through a petition for writ of mandamus. Id. If the trial court committed legal error, this court, in its discretion, may issue a writ and effectively reverse the trial court decision.
Turning to the merits, this court has held that the law of the forum in which the action was filed governs the decision whether to enforce the forum-selection clause. Id. As to enforceability, we have stated that "forum-selection clauses are presumptively valid unless 'unfair or unreasonable.' " Id. at 426-27, 364 P.3d 328 (quoting Reeves v. Chem Industrial Co. , 262 Or. 95, 100-01, 495 P.2d 729 (1972) ). A party filing an action outside the selected forum bears the burden of persuading the court not to enforce the clause. Reeves, 262 Or. at 98, 495 P.2d 729.
This court most recently applied the "unfair or unreasonable" standard in Roberts , where we held that a forum-selection clause in a Delaware corporation's bylaws was enforceable and required the dismissal of shareholder derivative actions filed in Multnomah County. 358 Or. at 415, 364 P.3d 328. Although the forum provision was included in the corporate bylaws, rather than a separate contract, we applied the unfair or unreasonable standard set out in Reeves . We discussed, as examples, three circumstances where that **261 standard may be met, only one of which is even arguably applicable here.
First, if the forum-selection clause is contained in a " 'contract[ ] of adhesion' that [was] 'the product of unequal bargaining power between the parties,' " the clause should be disregarded. Roberts , 358 Or. at 427, 364 P.3d 328 (quoting Reeves , 262 Or. at 101, 495 P.2d 729 ); see also Restatement (Second) of Conflict of Laws § 80 comment c (1988) (a relevant basis for refusing to enforce a forum-selection clause is if the contract is an adhesion contract or suffers from some other formation defect). Second, Oregon does not enforce contracts that are unconscionable or otherwise violate public policy, and this general rule also applies to contracts containing forum-selection clauses. Roberts , 358 Or. at 427-28, 364 P.3d 328 ; see also Bagley v. Mt. Bachelor, Inc. , 356 Or. 543, 553, 340 P.3d 27 (2014) (Oregon does not enforce contracts that are unconscionable or otherwise violate public policy.). Neither party asserts that the contract here was a contract of adhesion-after all, the contract was prepared by Trinity, the party now seeking to avoid the provision that it drafted-or that the contract or the forum-selection clause itself violated any public policy.
A third circumstance in which a court may refuse to enforce a forum-selection clause is when doing so would be "seriously inconvenient." Roberts , 358 Or. at 429, 364 P.3d 328 (quoting Reeves , 262 Or. at 98, 495 P.2d 729 ). The Restatement elaborates on that circumstance as occurring when the selected forum "would be so seriously an inconvenient forum that to require the plaintiff to bring suit there would be unjust." § 80 comment c. In other words, the inquiry is not whether, on balance, another forum is more convenient or more reasonable than the agreed upon forum, but whether the latter forum is so "seriously inconvenient" that it would be "unjust" to enforce the forum-selection clause.
Here, the trial court made factual findings that, Trinity asserts, indicate that litigating in San Francisco would be inconvenient to the parties. For purposes of this opinion, we assume that evidence in the record supported those findings. The court's findings included:
"8. Except for representatives of [Trinity], witnesses and attorneys for parties were, and are, located in Oregon;
**262 "9. Plaintiff's interest in the collateral securing [Apex's and Lachner's] repayment of the loan was perfected in Oregon;
"10. At the time the loan was made [Apex and Lachner] represented that the equipment *23 that was purchased using the loan funds was located in Oregon;
"11. Trial of the case will be more expeditious and inexpensive in Oregon;
"12. The enforcement of a judgment will be easier and more expeditious in Oregon;
"13. Dismissal of this case so that [Trinity] must refile in San Francisco, California, will delay resolution and slow the path to justice;
"14. The only party reasonably benefited by application of the venue provisions is [Trinity]."
Although the trial court did not fully explain its reasoning, those findings indicate that it applied the wrong standard. The trial court evidently sought to determine which forum-Oregon or California-would be more convenient, rather than whether enforcement the forum-selection clause would be "unfair or unreasonable," in the words of Roberts and Reeves, or so "seriously inconvenient" as to be "unjust," in the words of the Restatement . Findings 8 through 12 are facts that would have been known, or should have been anticipated, by the parties at the time they negotiated the agreement. It is not the role of the court to disturb the negotiated-for and agreed-upon distribution of benefits and disadvantages in a contract, absent good reason to do so. See Restatement § 80 comment c ("[A finding of serious inconvenience] is unlikely to be made when the claimed inconvenience can be assumed to have been in the minds of the parties at the time that they entered into the contract."). Finding 13 is a circumstance that Trinity itself created by filing in Oregon, contrary to the forum-selection clause that it drafted. Finally, finding 14 provides no basis for the trial court's decision because it essentially reverses the presumption in favor of validity that we discussed in Roberts by considering whether there would be benefits to any party from enforcement of the provision, rather than whether the party **263 seeking to avoid enforcement can demonstrate "serious[ ] inconvenien[ce]."
In sum, none of the circumstances identified in Roberts as grounds for invalidating a contractual forum-selection clause are present here. Trinity's objections amount to little more than dissatisfaction with the forum-selection clause. The trial court's factual findings indicate that Oregon might be a marginally more convenient place than California to litigate the case, but that is not the applicable legal standard. The issue is not even close. As counsel for Trinity conceded at oral argument, it is not unfair or unreasonable to litigate the case in California. For that reason, the trial court did not have discretion to deny Lachner's ORCP 21A (1) motion to dismiss based on the forum-selection clause: The law required the court to dismiss the action. It was legal error not to do so.
A peremptory writ of mandamus shall issue.